### WHITEHEAD, United States Game Protector, v. CHEVES et al.

### No. 6958.

Circuit Court of Appeals, Fifth Circuit.

Oct. 25, 1933.

Chas. L. Redding, U. S. Atty., of Savannah, Ga., G. A. Iverson, Sp. Asst. to Atty. Gen., and Benjamin Catchings, Associate Atty., Department of Agriculture, of Washington, D. C., for appellant.

H. Wiley Johnson and Anton P. Wright, both of Savannah, Ga., for appellees.

Before BRYAN, FOSTER, and SIBLEY, Circuit Judges.

SIBLEY, Circuit Judge.

The sole relief specifically prayed and granted is an injunction against E. B. Whitehead, as United States game protector, from instituting a criminal prosecution against the complainants or their agents for tearing down certain signs erected by Whitehead on Red Knoll plantation, belonging to complainants. The case made by the bill is that the land involved was in 1887 a rice plantation, when harbor improvements made by the United States in the Savannah river flooded and practically destroyed it, giving rise to a suit against the United States by the then owner in which compensation in a sum of $10,000 was awarded and paid; the proceedings being exhibited. King v. United States (C. C.) 59 F. 9. The landowners contend that by this payment only an easement of flowage was acquired by the United States, and that they have since retained possession of the lands, making such use as they could of the whole tract, and paying taxes thereon, until in 1931 the President by proclamation included it in Savannah River Wild Life Refuge, and put it in Whitehead's charge. Whitehead placed permanent signs on the land, indicating that it is part of the bird refuge, and threatens to prosecute any one interfering with the signs, and claims that the United States owns the fee in the lands. It is alleged that there will

be a multiplicity of criminal prosecutions, and that the complainants have no adequate remedy at law because they are in possession, and the United States, though requested, have not brought ejectment against them, and they cannot sue the United States to quiet the title. A motion to dismiss was made on grounds, among others, that the suit, though nominally against Whitehead, is actually against the United States and involves the property of the United States, that the facts alleged give no valid cause of action in equity nor right to relief by injunction; and error is assigned on the refusal of the motion.

■ We think the motion should have been granted. Equity will ordinarily not interfere with a criminal prosecution. Still, when the criminal law is used as a club to take or injure private property, the wrong may be restrained. Georgia R. & Banking Co. v. City of Atlanta, 118 Ga. 486, 45 S. E. 256. In that case, which in many ways resembles this, the city itself was proceeded against, not a mere policeman, and a decree settling the disputed title was prayed. Here it is plain that the matter really sought to be litigated is the title to the land as between the complainants and the United States, and a comparison of the exhibited proceedings respecting this land (King v. U. S. [C. C.] 59 F. 9) with the decision of a similar case in United States v. Lynah, 188 U. S. 445, 23 S. Ct. 349, 47 L. Ed. 539, shows that the title is doubtful. The impropriety and the futility of such litigation with a subordinate official, the United States not being a party, is apparent. It is true that the only relief asked and granted is an injunction against Whitehead to prevent his instituting a prosecution if complainants should tear down the signs which he by a trespass, as they claim, has put on their land; but such an injunction not only would not settle the title, but would not prevent a prosecution by the grand jury, the district attorney, or any other official or person. It is not sought to restrain Whitehead from further trespass; nor is any case of irreparable injury set up. No multiplicity of prosecutions, even, is imminent, for there will be none except as complainants may tear down a sign. If they wish to provoke an indirect test of the title, they may tear down one sign and in the trial of the resulting criminal case they will at least have the United States as their adversary. The penalties under 16 USCA §§ 715 (i), 715 (m), which seems to be the applicable statute, are not severe. A civil suit at law against Whitehead for trespass would better try the title as against him than would

this bill. Compare United States v. Lee, 106 U. S. 196, 1 S. Ct. 240, 27 L. Ed. 171. A disputed legal title is a matter that regularly ought to be established at law. No case is made for the interference of equity or for the extraordinary relief of injunction; and to enjoin Whitehead as prayed really accomplishes nothing. We reverse the judgment, and direct that the bill be dismissed.