**NEW ORLEANS PRIVATE PATROL SERV-
ICE, Inc., v. FLEMING et al.**

**No. 349 Civil.**

District Court, E. D. Louisiana,
New Orleans Division.

July 6, 1940.

William H. Talbot and Louis C. Philips, both of New Orleans, La., for plaintiff.

George A. McNulty, Gen. Counsel, Irving J. Levy, Asst. Gen. Counsel, and Bessie Margolin, Sr. Atty., all of Washington, D. C., and D. Douglas Howard, Associate Atty., of New Orleans, La., for Wage and Hour Division of the United States Department of Labor.

CAILLOUET, District Judge.

This matter while originally up for decision on the rule to show cause why a preliminary injunction should not issue against Philip R. Fleming, the Administrator, Robert T. Amis, Regional Director, and Stephen R. MacRae, Acting Supervising Inspector and an Officer of the

Wage and Hour Division of the United States Department of Labor, in their respective capacities, "enjoining and prohibiting them, and each of them, their agents, servants and employees, representatives, and attorneys or any and all other persons acting in concert with them, or any one or more of them, from issuing subpoenas attempting to investigate or to force the New Orleans Private Patrol Service, Inc., to conform with the Fair Labor Standards Act of 1938, 29 U.S.C.A. § 201 et seq., pending a final hearing and determination in this cause.", also involves the question whether the complaint should not be dismissed, for the reasons set up in the two motions to dismiss on file herein.

No service whatever was attempted to be made directly upon either the said named Administrator and Regional Director, respectively; service of the complaint was made upon the said Acting Supervising Inspector.

Upon the joint motion of the attorney for the complainant and of the associate attorney appearing for the said Stephen R. MacRae, as well as for the two other named defendants (but only for the purpose and to the extent hereinafter indicated), the return date of the rule to show cause was deferred and extended until June 17, 1940.

On that date, the response to the rule made by MacRae, Acting Supervising Inspector, was to the effect that the complaint failed to state a claim against him upon which relief could be granted; that, as appears upon the face of the complaint, he, in his capacity as Acting Supervising Inspector and officer of the Wage and Hour Division of the United States Department of Labor, has no power, authority, or discretion to enforce subpoenas issued pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C.A. § 201 et seq., or to institute any other action, either civil or criminal, against the complainant, or to subject said complainant to any fine, forfeiture, or penalty prescribed by the Act.

He further represented that, as also appears on the face of the complaint, he has no power, authority, or discretion to make, issue or amend any interpretation of said Act, binding on the plaintiff herein, or upon the Administrator of the Wage and Hour Division; and that any action to enforce subpoenas issued by the Administrator, or his representatives, under the Fair Labor Standards Act of 1938, and any civil action for an injunction under said Act can only be instituted by the Administrator, or by his agent, by him specifically authorized to institute said action.

MacRae's response furthermore set up that the complaint did not allege that the Administrator, nor any specifically authorized agent, has threatened to institute or cause to be instituted any action against the complainant to compel its compliance with any subpoena, or its compliance with the provisions of the Fair Labor Standards Act of 1938, or seeking to enjoin said complainant from any further alleged violations of the Act.

The respondent urged that the Administrator of the Wage and Hour Division of the Department of Labor of the United States is an indispensable party to the complainant's action; that he has not been served with process herein, is not a resident of the Eastern District of Louisiana, but resides in the State of Iowa, with his official residence being in the District of Columbia.

The response additionally set up that any criminal prosecution under the Fair Labor Standards Act of 1938 can be instituted and prosecuted only by the Attorney General of the United States, or, in this Eastern District of Louisiana, by the United States Attorney therefor, who must be acting under the specific instructions from, and under the direction and control of, the Attorney General, or by a duly authorized agent of said officer; and that the complaint does not allege that either the Attorney General or any of his authorized agents has threatened to institute or cause to be instituted any criminal prosecution, or any action to impose any penalty, fine, or forfeiture against complainant.

Finally, MacRae alleged that the complaint fails to show that complainant is threatened with, or is in danger of suffering, any irreparable damage or injury by reason of any action of said respondent, and that it appears upon the face of the complaint, furthermore, that the complainant has a complete and adequate remedy at law, with respect to any rights arising out of the matters alleged in his complaint, and is not in any wise entitled to the preliminary injunction which he seeks.

The Administrator, Philip R. Fleming, and the Regional Director, Robert T. Amis, joined in an appearance which was specifically limited to presenting a joint motion

to have the Court dismiss the complaint as to them, for the following reasons:

1st. That they have not been served with any process herein.

2nd. That the Court has no jurisdiction over their persons, in that it appears on the face of the complaint that neither is, nor was at the time of the filing of the complaint, subject to service of process within the Eastern District of Louisiana, the first-named residing in the State of Iowa, and having his official residence in the District of Columbia, whilst the latter both "resides" and has his official residence in the State of Alabama.

### Findings of Fact.

1. No service was actually attempted to be made directly upon either of the two named movers, but the complaint was served upon the United States Attorney at New Orleans, who was summoned to file answer to the complaint within sixty days.

2. The Attorney General of the United States was not made a party to the action.

3. The complainant, who alleges himself *not* to be engaged in interstate commerce, nor in the production of goods for commerce, and who claims that, therefore, he is not under the jurisdiction of the Wage and Hour Division of the United States Department of Labor, and is not covered by the Fair Labor Standards Act of 1938, specifically disavows the desire to *wilfully* violate any orders of said Department.

4. Complainant then sets up that, under §§ 49 and 50, Title 15, U.S.C.A. (which, by § 9 of the Fair Labor Standards Act of 1938, 29 U.S.C.A. § 209, are "made applicable to the jurisdiction, powers, and duties of the Administrator," etc.), complainant "becomes liable" to a fine and imprisonment for disobedience to the subpoena duces tecum involved in this proceeding.

5. Complainant next contends that since disobedience to said subpoena duces tecum is a "condition precedent to inquiring into the power or jurisdiction of the Wage and Hour Division of the United States Department of Labor", this amounts "to a deprivation of the equal protection of the law"; that it being so forced to appear in answer to the subpoena duces tecum, will cause it "irreparable damage and injury, and will deprive it of its liberty as set out hereinabove, in violation of the 14th Amendment to the Constitution of the United States, and of Louisiana for the year of 1921"; and that it is "without remedy unless it is protected by the injunctive process of this Court," etc.

### Conclusions of Law.

1. As a matter of course, it is impossible to legally issue injunctive process against the movers Philip R. Fleming and Robert T. Amis, Administrator, and Regional Director, of the Wage and Hour Division of the said United States Department of Labor, for the simple reason that they are not properly before the Court —neither is an inhabitant of, nor has his official residence within, this Eastern District of Louisiana; or within said State. Title 28 U.S.C.A. §§ 112–115; Butterworth v. Hill, 114 U.S. 128, 5 S.Ct. 796, 29 L.Ed. 119; Yarnell et al. v. Hillsborough Packing Co. et al., 5 Cir., 70 F.2d 435; Bradley Lumber Co. et al. v. National Labor Relations Board et al., 5 Cir., 84 F.2d 97.

This Court is without jurisdiction as to the persons of the said two named movers, and their joint motion to dismiss the complaint on that ground is well taken.

2. Similarly, no case for injunctive relief is made out against Stephen R. MacRae, Acting Supervising Inspector, and an Officer of the Wage and Hour Division of said United States Department of Labor, who affirms (and correctly so) that he is without power, authority or discretion to enforce subpoenas issued pursuant to the Fair Labor Standards Act of 1938, or to institute any other action, either civil or criminal, against complainant, or to subject it to any fine, forfeiture or penalty. MacRae is, admittedly, the subordinate of the Administrator, and his official acts are done and performed under and by direction of his superior. Even though the complaint otherwise made out a case for injunctive relief—which, however, it does not—the impropriety and futility of granting a preliminary injunction which could (in view of the present state of the record) affect only the subaltern, is clearly apparent. Whitehead v. Cheves, 5 Cir., 67 F.2d 316.

3. The complaint in no wise justifies the desired interference of equity. It contains no allegation of threatened immediate irreparable damage and injury, nor does it satisfactorily set up the absence of a complete adequate remedy at law to protect complainant's property against the alleged unwarranted attempt of the Administrator to assert jurisdiction over it, under

and by authority of the Fair Labor Standards Act of 1938.

4. While it is true that the injury which flows from the threat to enforce an allegedly unconstitutional statute, carrying penalties so heavy as to forbid taking the risk of challenging the statute in proceedings to enforce it, has been generally recognized as an *irreparable* injury, and sufficient to justify the granting of an injunction, the record here does not reveal any such situation; there will be ample opportunity for the complainant to show, if it actually can, just why it is not amenable to the provisions of the Fair Labor Standards Act of 1938, if and when appropriate legal action be taken, as provided for by said Act, to compel complainant's response to the subpoena duces tecum of May 27th, 1940, the issuance and service of which mistakenly suggested the complainant's application for injunctive relief.

The premises considered, the preliminary injunction prayed for is denied, and the motions to dismiss are granted.