**A. H. BELO CORPORATION v. STREET, Regional Director of Wage and Hour Law, et al.**

**No. 301–Civ.**

District Court, N. D. Texas, Dallas Division.

Oct. 19, 1940.

Gerard D. Reilly and Irving J. Levy, both of Washington, D. C., and Llewellyn B. Duke, Robert W. Richards, and George B. Searls, all of Dallas, Tex., for the motion.

Eugene P. Locke, Adair Dyer, and Maurice Purnell, all of Dallas, Tex., opposed.

ATWELL, District Judge.

The plaintiff seeks a declaratory judgment and alleges:

That it is an employer of more than two hundred persons in the publication of the Dallas Morning News, and other periodicals; that at, and for a long time prior to the effective date of the Fair Labor Standards Act, 29 U.S.C.A. § 201 et seq., it had been paying each of its employees, except a few office boys, as much, or more than the minimum wage prescribed by that Act; that it wished to continue such weekly payment basis as nearly as it might, and be in full conformity with the Act; that it established a basic rate for each employee at a stated amount per hour for regular time; that such basic rate was at least equal in every case to the minimum rate provided by the Act; that for overtime work, each employee was to be paid not less than time and one-half of said basic rate, and such additional amount, if any, as would be necessary to make his aggregate compensation for the work not less than a certain definite amount; that while it is not engaged in interstate commerce, and while it believes that it comes within the exceptions of the Act, Regional Director Street, defendant, claims that its arrangement is in violation of the Act, and that the basic rate of pay of each employee must be computed by dividing the guaranteed weekly sum by the hours worked, and the overtime rate of pay must be computed on such supposed basic rate, and that since plaintiff has paid the guaranteed weekly minimum sum since October 22, 1938, it has increased the basis of compensation to employees to such an extent that it is liable to pay a larger sum than it has paid, and is liable to pay a larger sum in the future.

That the said Street, in his official capacity as Regional Director, made such claims and threats of suit against it in his official capacity to compel it to alter its employment agreements and to cease its present method of compensating employees.

That the said Street also claims that he had been designated by one of the plaintiff's employees (but withheld the identity of such employee from the plaintiff) to bring a suit against the plaintiff as his representative, and as the representative of all other employees similarly situated.

The plaintiff also made parties defendant three of its employees as class representatives. Rule 23, Civil Procedure, 28 U.S.C.A. following section 723c. These have answered announcing their complete satisfaction with the plaintiff's method and their pay. The suit was filed on July 26, 1940.

On August 12, 1940, defendant Street filed this motion to dismiss. It presents two grounds: (a) The absence of an actual controversy; (b) that the highest enforcement officers, Phillip B. Fleming, Administrator of the Wage and Hour Division, and Robert H. Jackson, Attorney General of the United States, both of Washington, D. C., are not made parties.

Looking briefly at (b) first, it may be quickly conceded that the Act does not authorize Street as a Regional Director to enforce its provisions. That authority and power is given to the Administrator and to the Attorney General.

If the plaintiff's attempt struck exclusively at the provisions of the Act which rests in their hands for enforcement, it would be necessary to sustain the motion to dismiss. The Act, however, contains Section 216 (b), 29 U.S.C.A., which makes an employer liable to the employee or employees. A recovery for such liability may be maintained in any court of competent jurisdiction by one or more employees in his own behalf, or in behalf of themselves and other employees similarly situated, or an employee or employees may designate an agent or representative to maintain such action.

The plaintiff alleges that Street claims to act under the authority of and for the securing of the penalties under this section.

Such cases as Janes v. Lake Wales Citrus Growers Association, 5 Cir., 110 F. 2d 653; F. W. Maurer & Sons Company v. Andrews, D.C., 30 F Supp. 637; Redlands Foothill Groves v. Jacobs, D.C., 30 F.Supp.

995; support the reason of the motion to dismiss insofar as the administrator and the Attorney General are absent for such remedies and powers as are exclusively vested in them. But they are not authority for that portion of the action which is directed at Street as an alleged representative of an unnamed employee, and of such employees similarly situated. Suits under that section of the Act are independent of any supervision or control by the Washington authorities. The employee may conduct his own litigation. He may choose a representative to do so. His action is one at law for damages, to which actual damage is added an equal amount as liquidated damages and an attorney's fee. Injunctions and criminal prosecutions which are sought and conducted by the administrator and the Attorney General, provided for in other portions of the Act, have no bearing whatever upon the employees' direct remedy section.

[2] The cases just above cited all deal with some regulation or some direct power of the direct supervising authority mentioned in the particular Act under scrutiny. To question the efficacy of a regulation or a power emanating from or vested in an executive, it is necessary to have that executive in the suit. Hawthorne v. Fisher, D.C., 33 F.Supp. 891, 896.

■ The contention that the complaint does not allege a justiciable controversy between the plaintiff and defendant Street, (a) of motion, is also untenable. It would be taking a long step to hold that a citizen can not settle a dispute between himself and another citizen, even though it would be impossible to obtain service on officials who are domiciled in Washington. Anderson Clayton & Co. v. Wichita Valley Railway Co., D.C., 15 F.Supp. 475.

The plaintiff here uses a double-barrel attack. It complains that Director Street threatens it as Director, and also as the representative of an unnamed employee.

Declarations by a court against Street as a Director might not be effective to stay the hands of the Administrator or the Attorney General, nor would it be right to stay the Administrator or the Attorney General without giving those executives the opportunity to be heard.

But Street, as the representative of an employee, is quite another question. He may be acting outside of his official duty. That may cause him to be disciplined by his superiors, but such discipline may not be the measure of the rights of the plaintiff in such an emergency.

There is certainly a well marked controversy between the plaintiff and defendant Street. This controversy, it seems to me, is appropriate for judicial determination. The stakes are large and the dispute involves a serious controversy that impinges upon the liberty and property of the parties. It is not of an hypothetical character, nor is it abstract or moot. It is actual, concrete, definite, pending, and undecided. Out of it may grow serious litigation with heavy penalties. In truth, already there has been filed in this court a suit by administrator Phillip B. Fleming against the plaintiff. That suit was filed on the same day that this motion was filed.

The controversy here is not a mere determination of opinion over the validity or application of a statute, nor does it arise out of a question that may be presented at some indefinite time in the future. Here there is an actual threatened interference with the plaintiff's right, as claimed by it. Aetna Life Insurance Company v. Haworth, 300 U.S. 227, 57 S.Ct. 461, 81 L.Ed. 617, 108 A.L.R. 1000; Ashwander v. Tennessee V. A., 297 U.S. 288, 56 S.Ct. 466, 80 L.Ed. 688; United States v. West Virginia, 295 U.S. 463, 55 S.Ct. 789, 79 L.Ed. 1546; Bradley Lumber Company v. N. L. R. B., 5 Cir., 84 F.2d 97.

The power that has been vested in national courts to render declaratory decrees is a useful remedy born out of a paralleling, though somewhat enlarged, of their original powers within equity jurisdiction. Its applicability to controversies which have not yet reached the judicial state is practicable and satisfying. The citizen who has enjoyed the confidence of his fellows for generations may, when he suddenly finds himself in peril of threatened litigation, ask the court to determine whether such litigation may be had.

At this late date, even though the remedy is new, it is not necessary to elaborate upon the reason nor fruitfulness of the power to declare. This is an action against a subordinate official who has no enforcement power, as such. It is also an action against one who claims that he is the representative whom the statute authorizes to proceed for heavy penalties. Whitehead v. Cheves, 5 Cir., 67 F.2d 316.

Here it can be settled whether Street as such representative may or may not

bring the actions he threatens. There being a pending action by the administrator in this court, it seems that the wise thing to do would be to overrule this motion to dismiss, and to transfer this cause with that for trial. That cause does not cover all of the grounds that the plaintiff seeks to have covered in this suit, hence this suit must go forward. That suit arises out of the same claims against the plaintiff, except that those claims are made by the administrator, the lawful enforcing officer of the Act, wherein he seeks restraints.

So, with the two actions tried together, the rights of both the plaintiff here, and the administrator there, are conserved and placed for proper solution. Aetna Casualty & Surety Co. v. Quarles, 4 Cir., 92 F.2d 321.

An order may be accordingly drawn.