PEOPLES BANK v. FEDERAL RESERVE BANK OF SAN FRANCISCO et al.

No. 23243–R.

District Court, N. D. California, S. D.

Nov. 17, 1944.

Willkie, Owen, Otis, Farr & Gallagher, of New York City, and Sanner, Fleming & Irwin, of Los Angeles, Cal., for plaintiff Peoples Bank.

Albert C. Agnew and John A. O'Kane, both of San Francisco, Cal., for defendant Federal Reserve Bank of San Francisco.

Frank J. Hennessy, U. S. Atty., and W. E. Licking, Asst. U. S. Atty., both of San Francisco, Cal., J. P. Dreibelbis and George B. Vest, both of Washington, D. C., and Robertson, Leachman, Payne, Gardere & Lancaster, of Dallas, Tex., for defendants Board of Governors of the Federal Reserve System and Henry F. Grady, Federal Reserve Agent.

ROCHE, District Judge.

This is a suit by the Peoples Bank, a State banking corporation organized under the laws of the State of California, to annul and enjoin the enforcement of a condition of membership required by the Board of Governors of the Federal Reserve System as a prerequisite to granting plaintiff the right to become a member bank of the Federal Reserve System.

Following the jurisdictional allegations, and those identifying the parties, the complaint alleges (Par. IV) that on or about November 28, 1941, plaintiff, desiring to become a member of the Federal Reserve System, made application to the Board of Governors of the Federal Reserve System (hereinafter referred to as "the Board"), under the rules and regulations prescribed by the Board, for the right to subscribe to the stock of the Federal Reserve Bank of San Francisco (hereinafter referred to as "Reserve Bank"). On or about May 6, 1942, it is stated, the Board approved

plaintiff's application for membership, subject to certain conditions, among which was the one complained of, numbered 4. This condition, it is stated, was as follows:

"4. If, without prior written approval of the Board of Governors of the Federal Reserve System, Transamerica Corporation or any unit of the Transamerica group, including Bank of America National Trust and Savings Association, or any holding company affiliate or any subsidiary thereof, acquires, directly or indirectly, through the mechanism of extension of loans for the purpose of acquiring bank stock, or in any other manner, any interest in such bank, other than such as may arise out of usual correspondent bank relationships, such bank, within 60 days after written notice from the Board of Governors of the Federal Reserve System, shall withdraw from membership in the Federal Reserve System."

Plaintiff claims that this condition is "arbitrary, unreasonable, capricious, discriminatory, ultra vires and null and void in all respects" in that no power has been conferred upon the Board to exact such condition as a prerequisite to membership in the Federal Reserve System. It is then alleged (Par. V) that on or about May 7, 1942, the defendant Reserve Bank informed plaintiff that, as a condition to its subscription to stock in the Reserve Bank, it would be required by said bank to accept condition No. 4 and agreed to comply therewith by resolution of its board of directors. On or about May 12, 1942, plaintiff, it is stated, "being desirous of acquiring the said stock" in the Reserve Bank and becoming a member thereof "and under the compulsion of the said requirement of said defendant," accepted the condition and, by resolution of plaintiff's board, agreed to comply therewith. Although the fourth paragraph of the complaint states that the condition of membership complained of emanated from the Board, it is alleged that it was "exacted" of plaintiff by the Reserve Bank and that, in so doing, the Reserve Bank violated the obligation imposed upon it by statute to administer its affairs fairly and impartially and without discrimination against plaintiff.

It is alleged (Par. VI) that on or about February 17, 1944, without the assistance or prior knowledge of plaintiff, Transamerica Corporation became the owner of five hundred out of five thousand shares of the capital stock of plaintiff. It is stated, upon information and belief, that this acquisition of plaintiff's stock by Transamerica Corporation was without the written approval of the Board and falls within the purview of condition No. 4 "imposed upon plaintiff by defendant, the Federal Reserve Bank of San Francisco." Notice of this purchase of plaintiff's stock by Transamerica Corporation was given the Board by plaintiff on or about April 4, 1944 (Par. VII). After stating that the defendants assert that the condition is valid and enforceable, it is alleged (Par. VIII), also upon information and belief, that the defendants intend to and will, unless restrained, take proceedings, predicated on condition No. 4, to deprive plaintiff of its stock in the Reserve Bank and its membership in the Federal Reserve System, to the irreparable damage of plaintiff and that such proceedings are imminent. The validity and enforceability of the condition is denied, and it is alleged that the condition, being void, constitutes a cloud upon plaintiff's title to its shares in the Reserve Bank. Alleging the existence of a justiciable controversy and the lack of other adequate remedy, plaintiff asks this Court for declaratory relief, for a decree invalidating the condition and for temporary and permanent injunctive relief against the enforcement of the condition or the termination of plaintiff's membership in the Federal Reserve System. However, no application for an injunction pendente lite was made.

In opposition to the relief requested in the complaint, the following motions were filed: Board of Governors of the Federal Reserve System, motion to dismiss; Henry F. Grady, motion to dismiss; Federal Reserve Bank of San Francisco, motion to dismiss and, in the alternative, motion for summary judgment. In addition, plaintiff interposed a counter-motion for summary judgment against the defendant Reserve Bank. To this counter-motion, defendant Reserve Bank filed a motion to strike. This counter-motion will be stricken. It is clear that, under Rule 56(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, a party seeking to recover upon a claim or to obtain declaratory relief may move for summary judgment in his favor only after a pleading responsive to the complaint has been filed. No such pleading has been filed by the Reserve Bank in this case. The

counter-motion is premature. Moore's Federal Practice, Vol. 3, p. 3181; United States v. Adler's Creamery, Inc., 1939, 2 Cir., 107 F.2d 987; Fox v. Johnson & Wimsatt, 75 U.S.App.D.C. 211, 127 F.2d 729.

The motion of the Board of Governors of the Federal Reserve System for dismissal will be granted. This Board is an independent establishment of the United States, created by the Congress to perform certain important governmental functions prescribed by the Federal Reserve Act and other statutes (30 Ops.Attys.Gen. 308, 311). Neither in the enactment creating the Board nor in any subsequent act has the Congress given its consent to suits against the Board. Aside from this, however, it is undeniably true that, by law, the habitat or official residence of this Board is in the District of Columbia. U.S.C.A., Tit. 12, § 244. Service of summons and complaint in this case was made by sending a copy thereof by registered mail to the Board at its office in Washington, D.C. The appearance entered by the Board was special, for the sole purpose of testing the jurisdiction of this Court over it. Whether or not this suit be considered as one against the United States and therefore not maintainable against the government without its own consent or Congressional sanction, it is undeniably true that the Board is not an "inhabitant" of this district and therefore may not be sued herein without its consent (U.S.C.A., Tit. 28, § 112). That this is the law is amply supported by the authorities. International Molders Union v. National Labor Relations Board, D.C., 26 F.Supp. 423; Appalachian Electric Power Co. v. Smith, 4 Cir., 67 F.2d 451, certiorari denied, 291 U.S. 674, 54 S.Ct. 458, 78 L.Ed. 1063; Raichle v. Federal Reserve Bank of New York, 2 Cir., 34 F.2d 910, 67 A.L.R. 1167; Howard v. United States ex rel. Alexander, 10 Cir., 126 F.2d 667, certiorari denied, 316 U.S. 699, 62 S. Ct. 1297, 86 L.Ed. 1768; Kentucky Natural Gas Corporation v. Public Service Commission of Kentucky, D.C.Ky., 28 F.Supp. 509, affirmed in 6 Cir., 119 F.2d 417; Carr v. Desjardines, D.C.Okl., 16 F.Supp. 346; United States v. Western Fruit Growers, Inc., D.C.Cal., 34 F.Supp. 794.

Plaintiff contends that, because the Federal Reserve Act makes provision for the appointment in each Reserve district of a Federal Reserve agent who, in addition to his duties as chairman of the board of directors of the Reserve Bank, is required to maintain a local office of the Board on the premises of the Reserve Bank and to act as the official representative of the Board in the performance of the functions of the Board (U.S.C.A., Tit. 12, § 305), the situation is sui generis and the general rule is inapplicable. With this contention, I do not agree. If it were sound, it would subject the Board to the jurisdiction of any district court in any district where a Reserve Bank is maintained and a Federal Reserve agent could be found. In many of the cases in which the right of governmental agencies to be sued only in the District of Columbia has been sustained, there have been local agents with powers as broad as those accorded Federal Reserve agents, authorized to act and acting for the agency at the place where the suit was brought, but the fact that such agency existed has not been held to create an exception to the rule. Nor has the plaintiff cited any cases in support of its contention.

The motion of Henry F. Grady, Federal Reserve Agent, for dismissal as to him is likewise granted. It is not contended that Grady performed any function or had any authority to act in connection with the imposition of the condition of membership concerning which complaint is made. He is described in plaintiff's brief as "a proper though not indispensable party" (Plaintiff's Brief, p. 86). It may be true that, if he had been an actor in the matters concerning which complaint is made and if he had legal authority for such acts, he would be a proper party. But the questions presented on this motion to dismiss are primarily whether the Board is an indispensable party and, if so, whether, with the Board absent, this Court can proceed with the suit as against the Reserve Agent. In other words, granting that this Court has jurisdiction of the person of the Reserve Agent, does the complaint state a claim for relief as to him and is there any justiciable controversy as to him in the absence of the Board? In matters of the kind involved in this suit, the Board is undoubtedly an indispensable party and, under the facts alleged in the complaint, there exists no cause of action against the Reserve Agent and no justiciable controversy between him and plaintiff. Plaintiff says:

"No allegation is made that the Reserve Agent took any part in the imposition up-

on the plaintiff of the invalid condition, but it is alleged that he, along with the other defendants, contends that it is a valid condition and intends to enforce it as against the plaintiff." (Plaintiff's Brief on motion to dismiss complaint, p. 7.)

■ Regardless of what the Reserve Agent believes regarding the validity of the condition of membership (a matter which is entirely immaterial), a careful search of the law governing his statutory authority fails to disclose any provision which would confer upon him any authority to enforce the conditions or penalize plaintiff for breach thereof. U.S.C.A., Tit. 12, §§ 305, 411 to 417, inc., and 445. Moreover, the mere expression by the pleader of the opinion or fear that the Reserve Agent "intends" to enforce the condition, without any allegation as to when, where or by what means the threat of enforcement was made, does not assist in stating a valid claim. National War Labor Board et al. v. Montgomery Ward & Co., Inc., App. D.C., 144 F.2d 528. The power and responsibility of fixing conditions of membership for state banks applying for admission to the Federal Reserve System, as well as the administrative power to expel banks from the Federal Reserve System for violation, are vested by law in the Board of Governors of the Federal Reserve System and in that body alone. In such matters, the Federal Reserve Agent has no authority whatever and, if an injunction were to be granted in this suit, it would be the hands of the Board which must be tied, not those of the Federal Reserve Agent. In the absence of the Board, there exists no justiciable controversy between plaintiff and the Federal Reserve Agent and no jurisdiction in this Court to hear the case as to him. Appalachian Electric Power Co. v. Smith, supra; New Orleans Private Patrol, etc., v. Fleming, D.C. La., 33 F.Supp. 856; Webster v. Fall, Secretary of Interior, 266 U.S. 507, 45 S.Ct. 148, 69 L.Ed. 411; Redlands Foothill Groves v. Jacobs, D.C.Cal., 30 F.Supp. 995; Bethlehem Ship Building Corp. v. Nylander et al., D.C.Cal., 14 F.Supp. 201; Janes, Inspector, v. Lake Wales Citrus Growers Ass'n, 5 Cir., 110 F.2d 653.

In opposition to the motion to dismiss and the alternative motion for summary judgment interposed by the Federal Reserve Bank of San Francisco, plaintiff very earnestly and ably argues that, even though this Court does not have jurisdiction to hear the suit as against the Board and even though it be found, as I have found, that, as to the Federal Reserve Agent, the complaint fails to state a claim or cause of action upon which relief can be granted, nevertheless this Court has jurisdiction of the person of the Federal Reserve Bank and should proceed with the suit as against it. In opposition to the motion to dismiss, it is argued that the complaint states a cause of action as against the Reserve Bank alone (Plaintiff's Brief, pp. 5, 6); that the complaint shows the existence of a cloud upon or an adverse claim affecting plaintiff's ownership of stock in the Reserve Bank (Plaintiff's Brief, pp. 87–93); and that the condition of membership is absolutely void and therefore the fact of its acceptance by plaintiff is immaterial (Plaintiff's brief, pp. 14–55). These and the other arguments made in opposition to Reserve Bank's motion to dismiss I have considered carefully.

In opposition to the alternative motion for summary judgment interposed by the Reserve Bank, it is argued that it is immaterial that the Reserve Bank acted in a purely ministerial and clerical capacity on behalf of the defendant Board; that the complaint alleges and the fact is that the Reserve Bank "imposed" the condition complained of as a requirement of its own and that it is neither legally nor factually true that the Reserve Bank is without authority to take proceedings for the enforcement of condition No. 4.

First, in connection with the motion for summary judgment, I have read the two affidavits of William A. Day, President of the Reserve Bank, and the counter-affidavit of W. M. Parker, Cashier of plaintiff bank, and have considered the cases cited in the briefs. It seems clear from the uncontradicted statements contained in the Day affidavits that the Reserve Bank has never taken any position with regard to the validity of the condition; that it has not attempted to and does not intend in the future to attempt to enforce the condition; and that, prior to this suit, it had never received from plaintiff any complaint regarding the condition or its imposition. It is equally clear that neither the letter dated May 7, 1942, addressed by the Reserve Bank to plaintiff (Day Affidavit, Ex. I), transmitting the "suggested form" of resolution for adoption by plaintiff's board, nor the resolution itself constituted an attempt by the Reserve Bank to take action

independent of that of the Board with relation to the condition of membership. These were pursuant to instructions from the Board and constitute the mere action of the Board. It is also clear from the law that Congress has vested in the Board, and in that body only, the power and authority to prescribe conditions of membership for state member banks and, after administrative hearing, to forfeit membership upon proper proof of violation of the law or the regulations of the Board made pursuant thereto. U.S.C.A., Tit. 12, § 327. Neither the Parker affidavit nor the exhibits thereto tend to contradict these conclusions. Therefore, there is ample reason to grant the motion of the Reserve Bank for summary judgment. However, due to the fact that I have concluded that I do not have jurisdiction of the subject matter of the suit as it affects the Reserve Bank and have decided to grant its motion to dismiss, the motion for summary judgment will be denied.

I am of the opinion that, as against the Federal Reserve Bank of San Francisco, the complaint fails to state a claim or cause of action upon which relief can be granted; that as to that bank alone this suit is one against a subaltern without authority and is not maintainable; and that this suit does not present a proper case for injunctive relief, because in the compliant no coercion or compulsion in the legal sense is alleged, because it does not appear from the complaint that plaintiff is now confronted with any immediate or imminent danger of injury, irreparable or otherwise, and because, as between plaintiff and the Reserve Bank, no justiciable controversy, in the legal sense, exists. It is my opinion, also, that this suit may not properly be maintained as one to remove a cloud upon the title of plaintiff's stock in the Reserve Bank. For the foregoing reasons, the motion of the Federal Reserve Bank of San Francisco for dismissal as to it will be granted.

All state banks desiring to become members of the Federal Reserve System are required to apply to the Board of Governors, under such rules and regulations as it may prescribe, for the right to subscribe for stock in the appropriate Reserve bank. The Board, subject to the provisions of the Act and subject to such conditions as it may prescribe pursuant thereto, may permit the applying bank to become a member. U.S.C.A., Tit. 12, § 321. If at any time it should appear to the Board that a member bank has failed to comply with the applicable provisions of the Act or the regulations of the Board, it is within the sole power of the Board, after hearing, to require the offending bank to surrender its stock and forfeit membership. The Board may, in proper cases, restore forfeited membership. U.S.C.A., Tit. 12, § 327. Whenever a member bank is ordered by the Board, under authority of law, to surrender its stock holdings in the Reserve Bank, all its rights and privileges as a member bank thereupon cease. U.S.C.A., Tit. 12, § 328. It is thus evident from the law that the Board is the only body vested by Congress with authority to admit and expel state member banks. That that is true is equally evident from Regulation H, promulgated by the Board and governing the membership of state banks (C.F.Reg., U.S.C., Tit. 12, Ch. II, Part 208). This being true, any act on the part of the Reserve Bank, looking to the imposition of conditions of membership or the enforcement thereof, would be an act on its part, without authority in law and without binding effect. The complaint alleges that plaintiff's application for membership was approved by the Board, which gave its permission to plaintiff to become a member bank subject to conditions (Complaint, Par. IV). The subsequent allegation to the effect that the Reserve Bank "required" the acceptance of the condition and an agreement to comply with it, while no doubt made for the purpose of giving this Court a semblance of jurisdiction, does not aid to that end for, at best, it must be concluded that, if true, the Reserve Bank was merely passing on to plaintiff the conclusions reached by the Board, the only body vested with authority in the premises. As a subaltern without authority, the Reserve Bank may not be sued alone for the alleged misfeasance of the admitted superior. The relief sought is from the Reserve Board, not the Reserve Bank. To allow this suit to be maintained as against the subordinate alone would be contrary to the settled rules of equity practice. Warner Valley Stock Co. v. Smith, 165 U.S. 28, 34, 17 S.Ct. 225, 41 L.Ed. 621; Gnerich v. Rutter, 265 U.S. 388, 44 S.Ct. 532, 68 L. Ed. 1068; Jewel Productions, Inc., v. Morgenthau, 2 Cir., 100 F.2d 390; Neher v. Harwood, 9 Cir., 128 F.2d 846, 849.

Defendant Reserve Bank also urges that the complaint does not allege a proper case

of coercion or compulsion warranting equitable relief; that there is presented no proper case for declaratory relief; that plaintiff has sustained no present injury; and that, taken at its best, the complaint sets forth a case of anticipated possible future injury which may or may not be sustained, depending upon future and, as yet, unannounced action by the Board of Governors of the Federal Reserve System. It is claimed that this case is governed by decisions such as the following: Smith v. American Asiatic Underwriters, Federal Inc. U. S. A., 9 Cir., 127 F.2d 754; Southern Pacific Co. v. Conway, 9 Cir., 115 F.2d 746; United States v. West Virginia, 295 U.S. 463, 55 S.Ct. 789, 79 L.Ed. 1546; Northport Power & Light Co. v. Hartley, 283 U.S. 568, 51 S.Ct. 581, 75 L.Ed. 1275.

■ These arguments seem sound and, aside from the more important question of jurisdiction over the subject matter, sufficient to warrant sustaining the motion to dismiss. The condition of membership complained of is certainly not self-executing. It provides merely that, *if* Transamerica Corporation or its subsidiaries acquire stock of plaintiff bank without the Board's permission and *if* the Board, being advised of that fact, gives plaintiff notice, plaintiff will withdraw from or surrender its membership in the Federal Reserve System. It is to be presumed that, the two prerequisite facts existing, if the plaintiff refused to surrender its membership in the System on notice from the Board, this would constitute a violation of the condition. But it is not alleged that the Board has taken any action of the kind described and, since over six months elapsed between the filing of the complaint in this suit and the hearing on the motions without a supplemental complaint being filed, it may be presumed that the Board has not yet acted. However that may be, it is clear that the complaint presents a case of anticipated, possible injury, based, it seems largely, upon conjecture and not such a case of immediate and impending danger as would warrant injunctive relief. National War Labor Board v. Montgomery Ward & Co., supra.

■ Finally, it is my opinion that there is no merit in plaintiff's contention that condition No. 4 constitutes a cloud upon the title to plaintiff's stock in the Reserve Bank or an adverse claim affecting the same, in the nature of a cloud, the existence of which the Court has power to remove. Plaintiff's shares in the Reserve Bank are a mere incident to its membership therein. This stock is non-transferable, non-negotiable and has no "market value." Title to this stock must, under the law, remain in plaintiff bank so long as it is a member bank and, when and if that status is forfeited, the title to the stock is likewise forfeited. None of the defendants claims an estate or interest in the stock adverse to plaintiff. Clearly a case is not presented which is governed by section 738 of the California Code of Civil Procedure. The suit sounds in personam, against the Board of Governors for alleged abuse of discretion, not in rem. Moreover, if, as I have determined, this Court is without jurisdiction to hear the case, as against the Board, jurisdiction as to all other incidents of the case likewise fails. Hartmann v. Federal Reserve Bank of Philadelphia, D.C., 55 F.Supp. 801.

1. The motion of the plaintiff, Peoples Bank, for summary judgment against the defendant, Federal Reserve Bank of San Francisco, is denied.

2. The motion of the defendant, Federal Reserve Bank of San Francisco, for summary judgment against the plaintiff is denied.

3. The motion of the defendant, Federal Reserve Bank of San Francisco, to strike plaintiff's motion for summary judgment is granted.

4. The motions to dismiss filed by each of the defendants will be granted.

The Court is of the view that the defendant Board of Governors of the Federal Reserve System is an indispensable party not properly before the Court and that the complaint does not state a claim for equitable relief or for declaratory judgment within the jurisdiction of this Court as to any of the defendants. Therefore, this Complaint is dismissed as to all defendants for lack of jurisdiction of this Court.

An order will be entered in accordance with this Opinion.