**ANN ARBOR TP. et al. v. UNITED STATES et al.**

Civ. A. No. 9450.

United States District Court
E. D. Michigan, S. D.

July 18, 1950.

Arthur C. Lehman, Ann Arbor, Mich., Fischer, Brown, Sprague, Franklin & Ford, Detroit, Mich., for plaintiffs.

Edward T. Kane, U. S. Atty., James H. Lincoln, Asst. U. S. Atty., Detroit, Mich., for defendants.

KOSCINSKI, District Judge.

This suit was filed by the Township of Ann Arbor and several residents of the township to enjoin the defendants from completing the construction of a Veterans' Hospital now in the process of erection, as being in violation of a valid zoning ordinance adopted by the township board pursuant to laws and police powers of the State of Michigan.

The land on which the hospital is being constructed was acquired by the government in condemnation proceedings in this court on September 20, 1948, Civil Action No. 7634. The Township was made a party defendant in those proceedings, but did not appear therein nor oppose the taking of the land.

Defendants herein appeared specially and moved to dismiss the complaint for lack of jurisdiction.

Plaintiffs concede that unless jurisdiction is found for this proceeding under Revised 28 U.S.C.A. § 1346(a) (2), dismissal must follow.

Section 1346 of Revised Title 28 of the U. S. Code Annotated is a revised and re-arranged version of the former 28 U.S.C.A. § 41(20), better known as the Tucker Act, wherein the government's immunity to suit was waived on certain money claims therein specifically described.

It is plaintiffs' contention that, although there was no authority to maintain this type of equitable action against the government under the language found in Sec. 41(20), such authority, including equitable actions for injunctive relief against the United States, has now been granted by the language of Sec. 1346(a) (2) in the revised Title 28.

Careful reading and examination of both old and new sections must necessarily lead to a contrary conclusion.

The former Sec. 41(20), with some insignificant exceptions, is re-enacted by the revised Title 28. All the provisions of 41 (20) were contained in one paragraph, while the new Sec. 1346 consists of six separate paragraphs. Following is a comparison of pertinent portions of the old and new sections:

### 28 U.S.C.A. § 41(20)

*Suits against United States*[1] granting jurisdiction to District Courts, "Concurrent with the Court of Claims, of all claims not exceeding $10,000 founded upon the Constitution of the United States or any law of Congress, or upon any regulation of an executive department, or upon any contract, express or implied, with the Government of the United States, or for damages, liquidated or unliquidated, in cases not sounding in tort, *in respect to which claims the party would be entitled to redress against the United States, either in a court of law, equity, or admiralty, if the United States were suable,*[1] * * *; and of any suit or proceeding * * * for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws * * *."

### Revised 28 U.S.C.A. § 1346 (a) (2)

*United States as defendant*[1] granting jurisdiction to District Courts, concurrent with Court of Claims,

"(1) [of] Any civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority or any sum to have been excessive or in any manner wrongfully collected under internal-revenue laws, * * *

"(2) [of] *Any other civil action*[1] or claim against the United States, not exceeding $10,000 in amount, founded either upon the Constitution, or any Act of Congress, or any regulation of an executive department or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort."

It will be noted that the italicized part of former Sec. 41(20) was eliminated as unnecessary. See Reviser's note following Sec. 1346. The substance of the remaining provisions is identical in the old and new sections.

The words "any other civil action" in subsection (2) of Sec. 1346 describe the same suits or proceedings authorized by Sec. 41(20), and in the same language, except for the word "other", which relates only to the type of actions already permitted previously by Sec. 41(20). It is clear that the word "other" is used only because it describes a different group of actions against the United States from the group described in subsection (1) of the new Sec. 1346. Both groups are set forth in the one paragraph of the former Sec. 41(20).

The phrase "civil action" was used in the revision of Title 28 to conform to the language used in the Federal Rules of Civil Procedure, Rule 2, 28 U.S.C.A., for the "suits" used in Sec. 41(20). Compare similar terminology in subsections (1), (5), (7), (8), (11), (12), (15), (16), (17), (18), (24), (25), (26) and (27), and the substitution

I. Italics supplied.

of "civil action" for "suit" throughout the revision of the old Sec. 41 on the jurisdiction of the District Courts in Sections 1331, 1332, 1340, 1341, 1342, 1345, 1338, 1337, 1357, 1343, 1344, 1348, 1350, 1351, 1353, 1347, 1335 and 1336 of Revised Title 28.

Use of the substituted phrases was clearly a preferred choice of language only, particularly in view of the "important aim" of Congress to achieve a "clear and *uniform*[1] style" in the revision. See "Style" in House Report No. 308 accompanying H.R. 3214, being a bill to revise, codify, and enact into law Title 28 of the U.S. Code. Revised 28 U.S.C.A. following Section 2680, p. 371.

The Historical and Revision Notes following revised Sec. 1346 also use the term "civil actions" instead of "suits", even as applied to former Sec. 41(20):

"Section consolidates provisions of section 41(20) of Title 28 conferring jurisdiction upon the district court, in *civil actions*[1] against the United States * * *."

The 1948 amendment of the Tucker Act was only a part of and incidental to the general revision and codification of the existing law. The purpose of the amendment can be gleaned from the legislative history of the amending act which includes Sec. 1346. This court fails to find anything in such legislative history which would even suggest that Congress considered the enlargement of the district court's jurisdiction to include injunction suits against the United States, but, on the contrary, finds it is replete with indications that in the enactment of the revised statute there is a most careful avoidance of any controversial substantive change of law, particularly any such revolutionary change in substantive law as is ascribed to the new Section 1346 (a) (2) by plaintiffs.

House Report No. 308, page 372 of History, supra, states that "Some *minor*[1] changes of existing law were necessary in revising provisions relating to jurisdiction of district courts." See comments and explanations in reviser's notes under all sections relating to district courts' jurisdiction, including Sec. 1346. The change as claimed

by plaintiffs is one of considerable magnitude, not a "minor" change.

In the revised version of Title 28 the laws were *rewritten*[1] in direct and simple language. (Page 378, of History.)

The framers of the revised staute adopted a policy, carefully followed by them, to "avoid wherever possible and whenever possible the adoption in our revision of what might be described as controversial substantive changes of law." (Page 381 of History.)

A statute is to be construed as a whole. Nashville, C. & St. L. Ry. v. Railway Employees' Dept. of A. F. L., 6 Cir., 93 F.2d 340, certiorari denied 303 U.S. 649, 58 S. Ct. 746, 82 L.Ed. 1110. If we view the amending statute as a whole, and consider the purpose of such amendment, the Congressional intent to merely codify and revise existing law without substantive changes is obvious.

■ Intention to make radical change is not implied in revision of law. Harlan Coal Co. v. North American Coal Corp., D. C., 35 F.2d 211.

■ Since Sec. 1346 of the Revised Code, the only source relied on by plaintiffs for this court's jurisdiction, fails to confer such jurisdiction, this action against the defendant, the United States of America, cannot be maintained and the complaint as to that defendant must be dismissed.

Nor can the action be maintained against the remaining defendants, the Veterans' Administration of the United States, and Carl R. Gray, Jr., Administrator of Veterans' Affairs, Veterans' Administration of the United States. Plaintiffs themselves, at the hearing to dismiss the complaint, did not seriously urge that these two defendants were necessary parties. The Veterans' Administration is merely an executive agency having no separate existence as a legal entity. Being a part of the Government, any action against this entity is a suit against the Government and must fail for the reasons above stated. See Thomason v. Works Projects Administration, 9 Cir., 138 F.2d 342; Clover Fork Coal Co. v.

---

1. Italics supplied.

344

National Labor Relations Board, D.C.E.D. Ky.1937, 30 F.Supp. 793.

■ · Defendant Carl R. Gray is a resident of and maintains official headquarters in the District of Columbia. Under 28 U. S.C.A. § 1391, proper venue of a proceeding against him lies only in the District of Columbia. Howard v. U. S., 10 Cir., 126 F.2d 667, certiorari denied 316 U.S. 699, 62 S.Ct. 1297, 86 L.Ed. 1768; Scientific Mfg. Co. v. Walker, D.C., 40 F.Supp. 465; Peoples Bank v. Fed. Reserve Bank, D.C., 58 F.Supp. 25. The action against him, having been improperly filed in this jurisdiction, must be dismissed.

For the reasons stated herein, defendants' motion to dismiss the complaint is granted and the complaint is hereby dismissed.