W. H. ELLIOTT & SONS CO., Inc.

v.

CITY OF PORTSMOUTH, N. H., Gil Wyner Co., Inc.

Civ. A. No. 2039.

United States District Court
D. New Hampshire.

Aug. 8, 1959.

870

Stanley M. Brown, of McLane, Carleton, Graf, Greene & Brown, Manchester, N. H., for plaintiff.

Maurice P. Bois, former U. S. Atty., Concord, N. H., for defendant, Gil Wyner Co., Inc.

John C. Driscoll, Portsmouth, N. H., for defendant, the City of Portsmouth.

WOODBURY, Chief Circuit Judge (by designation).

The defendant City of Portsmouth has filed a motion to dismiss alleging insufficient service of process. In support of its contention it cites Chapter 398, Section 62 of the Laws of the State of New Hampshire (1947) which provides that: "No action at law or bill in equity shall be sustained against the city (Portsmouth) unless a notice setting forth the nature and amount, if any, of the claim shall have been delivered or sent by registered mail to the office of the city clerk not less than sixty (60) days prior to the commencement of said action at law or bill in equity." The petitioner concedes that this statute was not complied with, but argues that it is inapplicable. Thus, this court is faced with the unpleasant task of construing a state statute where the courts of the state have not yet spoken.

It is clear that the injunctive remedy is available in the New Hampshire Superior Court. New Hampshire Rev.Stat Ann. Chapter 498:1 provides: "The superior court shall have the powers of a court of equity in the following cases: * * * cases in which there is not a plain, adequate and complete remedy at law, and in all other cases cognizable in a court of equity." Chapter 498:2 specifically confers on the Superior Court the power to grant injunctive relief.

Courts of equity have historically intervened to protect water rights in cases of pollution and diversion. 2 Pomeroy Equitable Remedies §§ 561–562 (2 ed. 1919). Further, in proper cases, equity will restrain municipal corporations or their officers where there is a threatened wrongful act to an individual. 4 Pomeroy Equity Jurisprudence § 1778 (2 ed. 1919).

If an individual were required to wait sixty days after learning of some proposed wrongful act of a municipal corporation or an officer thereof before seeking relief, the protection afforded him by Chapters 498:1 and 498:2 might well be rendered illusory. The irreparable damage might well be complete prior to the time that suit could be commenced.

In short, I do not think that the legislature could have intended that the sixty day notice requirement of Chapter 398, Section 62 of the Laws of the State of New Hampshire (1947) be applied to parties seeking injunctive relief from irreparable harm immediately threatened. An order will be entered denying the motion of the defendant, City of Portsmouth, to dismiss for lack of personal jurisdiction on the ground of insufficient service of process upon it.