CITY OF NORTH MIAMI, FLORIDA, a municipal corporation, Plaintiff,

v.

GRANT-SHOLK CONSTRUCTION COMPANY, Inc., a Florida corporation, Defendant.

Civ. No. 64-765.

United States District Court
S. D. Florida.
Jan. 7, 1965.

Frates, Fay & Floyd, Miami, Fla., for plaintiff.

William A. Meadows, Jr., U. S. Atty., and Aaron A. Foosaner, Asst. U. S. Atty., Miami, Fla., for the Government.

DYER, Chief Judge.

This cause is before the Court on the Motion of the Defendant for entry of a Summary Final Judgment.

Plaintiff instituted this suit in the State Circuit Court seeking an injunction against the Defendant from constructing a post office building on property owned by the United States of America because it was in violation of a validly enacted and existing zoning ordinance of the Plaintiff.

The State Circuit Court entered a temporary injunction, without notice, restraining the Defendant from constructing or doing any act in furtherance of the construction of a post office building until the further Order of the Court.

The United States Attorney, in behalf of the Defendant, removed the cause to this Court alleging that the Defendant was an agent and an instrument of the General Services Administration, an agency of the United States of America, as provided for in Title 28 U.S.C.A. §§ 1441(a) and 1442(a) (1).

Motion to Remand was made and denied. Defendant has answered.

The facts are undisputed. The United States of America acquired title to the property in question by purchase on June 30, 1964. Under appropriate Public Laws, the General Services Administration entered into a contract with the Defendant on October 30, 1964, for the construction of a post office building on this property and work was commenced. In the performance of this contract, the Defendant is an instrumentality of the United States of America, and is under the direction, supervision and control of the General Services Administration in the performance of the contract provisions.

At all times pertinent, there was in effect an ordinance duly enacted and adopted by the Plaintiff which prohibited the construction of a post office building on the north half of the land in question.

The crucial question is: Does this Court have jurisdiction?

Plaintiff argues that notwithstanding the fact that Defendant is under contract with the United States of America for the construction of a post office building, it is nothing more than an independent contractor. With this, I disagree. Yearsley v. W. A. Ross Construction Co., 309 U.S. 18, 60 S.Ct. 413, 84 L.Ed. 554; Ward v. Congress Construction Co., 99 F. 598, C.A. 7 (1900); W. H. Elliott & Sons, Inc. v. City of Portsmouth, New Hamshire et al., D.C., 197 F.Supp. 869.

Plaintiff next contends that the United States of America has no legal authority to erect a post office building in violation of valid zoning ordinances enacted by a municipality. While the argument is persuasive that the Government should not be permitted to ignore reasonable local zoning ordinances and violate the policy established by the General Services Administration to conform to local zoning requirements, it begs the question.

What we really have here, in effect, is a suit for injunction by a municipality against the United States of America, the real party in interest. No consent to be sued in a case of this nature having been shown, it is fundamental that no suit can be maintained against the United States of America, and this cause must be dismissed for want of jurisdiction. Stanley v. Schwalby, 162 U.S. 255, 296, 16 S.Ct. 754, 40 L.Ed. 960 (1896); Dugan et al. v. Rank et al., 372 U.S. 609, 83 S.Ct. 999, 10 L.Ed.2d 15 (1963); Ward v. Humble Oil and Refining Co. et al., 321 F.2d 775 C.A. 5 (1963); Ann Arbor Twp. v. United States, 93 F.Supp. 341, D.C.Mich.

(1950); 61 A.L.R.2d Annotation Page 973.

It is, therefore,

Ordered, adjudged and decreed that the Motion of the Defendant for Summary Final Judgment be and the same hereby is granted, the temporary injunction heretofore issued be and the same hereby is dissolved, and this cause be and the same hereby is dismissed with costs to be taxed against the Plaintiff.