## MORGAN v. PATILLO.

(District Court, S. D. Florida. * September 20, 1923.)

No. 231.

1. **Brokers ⬅32—Agent of seller could not represent purchaser without knowledge of dual character.**

An agent of a seller could not negotiate a sale to another, and at the same time be the agent of the proposed buyer, unless selected by both parties, with their knowledge of the dual character.

2. **Specific performance ⬅31—Letter held not contract enforceable in equity, but merely preliminary.**

A letter from principal to his agent, "I hereby confirm sale made by you," followed by terms, *held* not to constitute a contract with the buyer, but merely preliminary to the execution of a binding contract.

In Equity. Bill by Frank A. Morgan against S. J. Patillo. Dismissed.

W. M. Toomer and Stockton & Ulmer, all of Jacksonville, Fla., for complainant.

Bryan & Middlebrooks, of Atlanta, Ga., and George C. Bedell, of Jacksonville, Fla., for defendant.

CALL, District Judge. This cause comes on for a hearing upon the motion to dismiss the bill. There are several grounds contained in the motion, but one only, the second, will be discussed.

The position taken by the defendant in this ground is that the letter of May 1, 1922, to George Rentz, is not such a contract as can be enforced, but was merely preliminary to a contract for the sale of the timber. The complainant, on the other hand, contends that this letter is the contract, and is enforceable.

Counsel for the parties virtually agree on the law, as there is very little difference in their contention of the state of the law, but they are widely apart in the effect of the letter. That letter is as follows:

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

"Atlanta, Ga., 5/1/'22.

"Mr. Geo. Rentz, Jaxville, Fla.—Dear Sir: I herewith confirm sale made by you this day to F. A. Morgan of all the sawmill timber, both pine and cypress, on my certain lands in Madison county, Florida, as per attached list. Timber, $5.00 per M. Pine to be cut all suitable and sawlogs, down to and including 12 in., 18 in. above the ground. Cypress, 14 in., but to be cut above the flare. $10,000.00 cash on signing of papers, to be applied on timber last cut. $2,250.00 per month, based on minimum cut per month of 450 M. feet per month.

"All logs to be scaled in woods at log yard by personal representative of each party or joint scaler. Screven Doyle's log scale to be used, and said Morgan to have six years from date in which to cut and remove said timber. Said Morgan to begin cutting in twelve months or earlier. Should said Morgan fail to begin cutting in time named, he to pay for minimum amount as above set out, as if he was cutting, and from month to month; but should at any time during life of contract the lumber market get so low as to cause a loss in operation, the said Morgan shall have the right to close down in periods of 60 to 120 days, and such shutdown shall not operate against the contract made.

"The said Morgan to have contract guaranteed as to payment and performance by Mr. M. V. Gress. Said contract to be made and closed up at once; all settlements to be made the 10th of each month for each preceding month.        S. J. Patillo."

[1] In the construction of this letter and arriving at the intent of the writer, it must be borne in mind that Rentz was acting for the writer. This is shown by the words "sale made by you." It was suggested in argument that he was the agent of both parties, but this I cannot admit. He could not, as the agent of the seller, negotiate a sale to another, and at the same time be the agent of the proposed buyer, unless selected by both parties, with their knowledge of the dual character, and this does not appear.

[2] We then have Rentz as the agent of defendant, negotiating for the sale of certain timber, and submitting the offer to his principal, and his principal writing him the letter above quoted, in which he says the initial payment to be made on the signing of the papers, and the contract to be made and closed at once. Certainly it seems to me that the writer could not have intended the letter to be a contract, but must have intended that the contract should be made subsequently, and be binding only upon its being made and signed, and then guaranteed by Gress; in other words, that there would be no contract until the papers were signed, and the initial payment, required in the letter, made.

This view is further supported by the clause in the letter requiring that the contract should be guaranteed by a third party. In my view, the proper construction of the letter is that it was an instruction to his agent of the terms upon which he was willing to enter into a contract for the sale of timber to the complainant, and cannot be enforced as a contract as is sought to be done in this case.

It follows, therefore, that the motion to strike must be granted. It will be so ordered.