## MORGAN v. PATILLO.

(District Court, S. D. Florida. July 11, 1924.)

No. 231.

**1. Equity ⚖=191—Answer responsive to allegations of bill is not impertinent or scandalous.**

If an answer is responsive to the allegations of the bill, though it may not constitute a defense, it is not impertinent or scandalous within equity rule 21.

**2. Equity ⚖=264—On motion to strike out the whole answer must be taken together.**

On a motion to strike out, the whole answer must be taken together, and particular words or phrases should not be stricken when occurring in conjunction with language responsive to the allegations of the bill.

In Equity. Suit by Frank A. Morgan against S. J. Patillo. On motion to strike out certain paragraphs of answer. Denied.

See, also, 293 Fed. 141.

W. M. Toomer and Stockton & Ulmer, all of Jacksonville, Fla., for complainant.

Bryan & Middlebrooks, of Atlanta, Ga., and George C. Bedell, of Jacksonville, Fla., for defendant.

CALL, District Judge. This cause comes on for hearing upon the motions to strike certain paragraphs of defendant's answer.

[1] Rule 21 of Equity Rules abolishes exceptions to answers for scandal and impertinence, but the court may upon motion order any redundant, impertinent, or scandalous matter stricken out. As I understand the rules of equity pleading prior to the adoption of the new Equity Rules, impertinence and scandal consisted of allegations in answers not responsive to the allegations in the bill and constituting no defense to the case made and not affecting the decree to be rendered. If the answer is responsive to the allegations of the bill, although it may not constitute a defense, it is not imperti-

nent or scandalous. In addition to scandal and impertinence, the new rule makes redundancy a cause for striking portions of an answer.

The motions in this case are directed to certain paragraphs of the answer, purporting to answer certain paragraphs of the bill. The grounds of the motions are that the paragraph of the answer is insufficient, irrelevant, impertinent, and special grounds under each motion.

[2] Testing the paragraphs of the answer, challenged by the motions, by the above rules, I do not find them impertinent or scandalous. Each of them is responsive to the allegations of the bill it purports to answer. Portions of the paragraph may be immaterial, and the paragraph may not in itself state a defense to the case made by the bill, yet the whole answer must be taken together, and particular words or phrases occurring in the answer should not be stricken, when occurring in conjunction with language responsive to the allegations of the bill.

The motions to strike paragraphs 2, 4, 5, and 9 of the answer will be denied. See (D. C.) 293 Fed. 141.