**F. W. MAURER & SONS CO. v. ANDREWS, Administrator of Wage and Hour Division, United States Department of Labor, et al.**
**No. 477.**

District Court, E. D. Pennsylvania.
Dec. 7, 1939.

Byron, Longbottom, Pape & O'Brien and Cornelius C. O'Brien, all of Philadelphia, Pa., for plaintiff.

George A. McNulty, Gen. Counsel, and Irving J. Levy, Asst. Gen. Counsel, both of Washington, D. C., John M. Gallagher, Regional Atty., David S. Polier, Atty. and Thomas J. Curtin, Asst. U. S. Atty., all of Philadelphia, Pa., for defendants.

KIRKPATRICK, District Judge.

The petitioner is a manufacturer of shade-tassels, fringes, and other narrow fabrics. In this petition for a declaratory judgment, it is asking the Court to declare its legal rights and relations under the Fair Labor Standards Act of 1938, 29 U. S.C.A. §§ 201–209, with regard to its engagement of industrial home workers. The petition (paragraph 8) describes the system as follows: "The cotton and rayon cord used by the industrial home workers in crocheting the rings were manufactured in your petitioner's factory and the iron ring or washer used in producing finished products was purchased by your petitioner from independent manufacturer. The cotton and rayon cord together with the iron rings or washers were delivered to the industrial home workers at petitioner's factory and all of the work done and performed thereafter in and about the production of said cotton and rayon silk rings were executed in the homes of the industrial home workers at their pleasure and convenience, and for which they were paid on a piece-work basis at a price stipulated and mutually agreed upon."

The petitioner states that it discontinued this practice last April, but it is to be assumed from the petition that it desires to revive it. Quite naturally, it wants to know from this Court, whether, if the wages and hours of its industrial home workers should be substandard, Secs. 6 and 7 of the Act, 29 U.S.C.A. §§ 206, 207, it will be liable to the penalties of Sec. 16 of the Act, 29 U.S.C.A. § 216, which consist of fine, imprisonment and reparation to the workers:

It cannot be said that the petitioner is seeking advice upon a purely hypothetical situation. The petitioner has a real problem, and a response by the Court would undoubtedly be of immediate benefit to it in a concrete way.

Granting all this, however, the Declaratory Judgment Act, Jud.Code § 274d, 28 U.S.C.A. § 400, under which the Court must proceed, does not afford relief merely because an applicant has a genuine need for legal advice. The first five words of the Act contain a limitation and an embodiment of policy to which the convenience of an individual must be subordinat-

ed. The Court is given jurisdiction only "in cases of actual controversy," and the facts as disclosed by this petition show that there is no actual controversy here.

 The sum of what the petition shows in this regard is that on April 3, 1939, one Caffey, "then in charge of the Philadelphia office of the Wage and Hour Division and later Regional Director," orally advised the petitioner that the engagement of industrial home workers by it at substandard wage and hour rates, was a violation of the Fair Labor Standards Act of 1938 and subjected it to the penalties of Sec. 16. The title "Regional Director" sounds as though it carries some authority with it, but, as a matter of fact, he is merely an employee of the Administrator, whose principal duties are to investigate and report. His position is not created by the Act of Congress, and even if it be assumed that he is the "duly authorized representative" of the Administrator under Sec. 4(c) of the Act, 29 U.S.C.A. § 204(c), there is nothing to show in what matters he represents the Administrator or what powers have been delegated to him.

The interpretative bulletins and regulations issued by the Administrator and attached to the petition do not, even remotely, amount to a promulgation or adoption of Mr. Caffey's views as the Administrator's. None of them go farther than to say that, if an employer-employee relationship exists, the place where the work is done is immaterial. There is no controversy about that, and it is not what this petitioner wants to know. What this petitioner really wants the Court to declare is whether its particular home workers who do work for it under the conditions set out in the petition are independent contractors or employees.

Under the Act no one has any power to take any step to enforce it against a particular situation, except the Administrator and the Attorney General, and it does not appear that either of these officers has done anything.

 An "actual controversy" under the Declaratory Judgment Act cannot be created by taking a position and then challenging the Government to dispute it. The fact is that so far as this petition discloses, there is no action threatened, proposed or suggested by anyone who has the right to act, and there has not even been any authoritative expression of opinion from any-

one as to what the view of the Government is.

The petition must be dismissed because it does not disclose that there is any actual controversy now existing.

 As to the Administrator and the Attorney General the petition, even if otherwise sustainable, would have to be dismissed because these defendants have not been served with process within the Eastern District of Pennsylvania, are not subject to the service of process here, and because the Court lacks jurisdiction over them.