## KENTUCKY COTTAGE INDUSTRIES et al. v. HAGAN et al.

### No. 341.

District Court, W. D. Kentucky, Louisville Division.

Oct. 13, 1941.

Allen P. Dodd and Dodd & Dodd, all of Louisville, Ky., for plaintiff.

Gerard D. Reilly, Sol., and Irving J. Levy, Asst. Sol., both of Washington, D. C., and Chas. H. Livengood, Jr., Regional Atty., and James H. Hynes, Associate Atty., both of Nashville, Tenn., for Edw. F. Hagan and another.

MILLER, District Judge.

This action was originally filed in the State Court under the Declaratory Judg-

ment Act of Kentucky, Kentucky Statutes Civil Code Practice, Sections 639a-1 through 639a-12, for a construction of the Unemployment Compensation Act of Kentucky, Kentucky Statutes, Sections 4748g-1 through 4748g-22, the Wages and Hours Act of Kentucky, Kentucky Statutes, Sections 4767a-1 through 4767a-20, and the Fair Labor Standards Act 1938 of the United States, Title 29 U.S.C.A. §§ 201 through 219. It made parties defendant certain state officials charged with the administration of the state acts referred to, and later by amended petition also joined as parties defendant Edward F. Hagan and Louis Thompson, the Branch Manager and Inspector, respectively, for the Wage and Hour Division of the United States Department of Labor, who were assigned to duty in Kentucky under the Fair Labor Standards Act of the United States. On petition of Hagan and Thompson the action was removed to the United States District Court for the Western District of Kentucky. The defendants Hagan and Thompson have moved the Court to dismiss the amended petition against said two defendants.

The defendants contend that no cause of action exists under the Declaratory Judgment Act because there is no actual controversy between them and the plaintiffs. In support of this contention they rely upon Janes v. Lake Wales Citrus Growers Association, 5 Cir., 110 F.2d 653; Maurer & Sons Co. v. Andrews, D.C.E.D. Pa., 30 F.Supp. 637; Mushroom Co-operative Canning Co. v. Jacobs, D.C.E.D. Pa., 35 F.Supp. 624. In those cases the Courts refused to give a declaration of rights under the Fair Labor Standards Act because the record disclosed that there was no action threatened, proposed or suggested by anyone who had the right to act and there was not even any authoritative expression of opinion from anyone as to what the view of the Government was. It was pointed out that the Declaratory Judgment Act does not afford relief merely because an applicant has a genuine need for legal advice and that the Court was given jurisdiction only in cases of actual controversy. The situation in the present case, as stated by the petition, is entirely different. It alleges that the defendants had forcibly entered the premises of the plaintiffs, threatened the plaintiffs with both criminal and civil prosecution unless they recognized the contention claimed by the Department; threatened to force them to pay huge sums of money alleged to be due under the Fair Labor Standards Act, and were by such methods attempting to destroy the plaintiffs' business unless the plaintiffs agreed to their contention that its business was subject to the provisions of the Act. Plaintiffs state that its business is not subject to the provisions of the Fair Labor Standards Act, and that an actual controversy exists by reason of the foregoing facts between the plaintiffs and the defendants. The allegations of the petition must be accepted as admitted upon the defendants' motion to dismiss. They show rather conclusively that the situation is much further advanced than merely wanting legal advice, where no action is threatened or proposed by the enforcement agency. Accepting the allegations of the petition at their face value it would appear that the matter has reached a very acute stage. There is no question in the Court's opinion but that an actual controversy exists, and that defendants' contention on this point is not well taken. ·

Defendants further contend that they are merely employees of the Wage and Hour Division with duties to investigate and gather data and that they have no authority to issue any rulings, interpretations or opinions regarding the Fair Labor Standards Act binding either on the Administrator of the Wage and Hour Division or on any employer or employee, and that neither one of them has any authority or discretion to institute any action or proceeding, civil or criminal, to enforce the provisions of the Fair Labor Standards Act. This information is supplied by affidavits filed in support of the motion to dismiss. It is pointed out that the Administrator and the Attorney General are the only ones who have authority to institute civil or criminal proceedings to enforce the Act, that they are indispensable parties to the action and are not within the jurisdiction of the Court. This same question has been previously considered by the Court in the case of Barr v. Rhodes, D.C., 35 F.Supp. 223, 225, in which it was held that in a matter of a governmental department jurisdiction was not acquired by proceeding against a subordinate official. This same ruling was announced in Redlands Foothill Groves v. Jacobs, D.C. S.D.Cal., 30 F.Supp. 995, 1008, 1009. This does not mean that the plaintiff has no remedy for the alleged violation of his

453

rights, but as was pointed out in Janes v. Lake Wales Citrus Growers Association, supra, they must be presented for adjudication in another jurisdiction.

Defendants' motion to dismiss the action as to them is sustained and the action is remanded to the State Court for any further proceedings therein.