## PERLBERG et al. v. NORTHWESTERN MUT. LIFE INS. CO.
### Civil Action No. 3615.

District Court, E. D. Pennsylvania.
Aug. 6, 1945.

A. J. Goldin and Arthur S. Arnold, both of Philadelphia, Pa., for plaintiff.

Joseph S. Conwell, Jr., and Joseph S. Conwell, of Pepper, Bodine, Stokes & Schoch, all of Philadelphia, Pa., and William E. Jones, of Milwaukee, Wis., for defendant.

BARD, District Judge.

Plaintiffs seek a declaratory judgment under the Federal Declaratory Judgment

Act[1] to determine their rights under the extended automatic insurance clause of a life insurance policy and to obtain judicial construction thereof. The matter comes before the Court on pleadings and proof. Defendant offered no evidence at the conclusion of plaintiff's case, but submitted a motion to dismiss under Rule 41 (b), Federal Rules of Civil Procedure, and, in the alternative, a motion for summary judgment under Rule 56(b), 28 U.S.C.A. following Section 723c. The cause will be adjudicated on the motion to dismiss.

On October 15, 1918, defendant issued policy No. 1283523 on the life of Nathan Perlberg agreeing therein to pay upon the death of the insured to the named beneficiaries the sum of $10,000. The present beneficiaries of the policy are Sidney Perlberg and Maxwell E. Verlin. The insured paid all premiums due on the policy in cash, by the application of dividends, or by borrowing from the insurer, and has continued to pay the quarterly premiums until the present time. As of January 15, 1945, the reserve on the policy was $5260.-20. The insured borrowed substantial sums from defendant on the security of the policy and this indebtedness, together with interest, amounted to $5251.22 on January 15, 1945.

On November 17, 1943, the insured wrote to defendant requesting a calculation of the extended period of insurance in the event of default in the payment of premium on the next due date. Defendant computed that, in the event of default on January 15, 1944, the insured would be entitled to term insurance for thirty-two days from the date of default in the amount of $4962 under the provisions of the policy. Plaintiffs dispute defendant's method of computing the extended term insurance and seek, in this petition for declaratory judgment, judicial interpretation of the relevant clauses in the policy[2] and a

---

1 Act of June 14, 1934, c. 512, 48 Stat. 955, as amended August 30, 1935, c. 829, § 405, 49 Stat. 1027, Jud.Code § 274d, 28 U.S.C.A. § 400.

2 The pertinent clauses of the policy are as follows:

"12. Non-Forfeiture and Loan Provisions. The following Non-Forfeiture and Loan provisions shall become operative only after payment of premiums for two full years and no request, revocation or change in connection with such provisions shall be effective until duly made in writing and filed at the Home Office of the Company:

"12a. The cash surrender value of this Policy at any time prior to default in premium payment or within the grace period, shall be the then reserve on the Policy and any dividend additions then existing, less any indebtedness to the Company on account hereof, and less also a surrender charge which during the fifth or any previous policy year shall be at the rate of ten dollars per $1,000 of insurance and thereafter shall diminish annually at the rate of one dollar per $1,000 of insurance.

"12b. Upon request of the Insured, and Assigns if any, made prior to default in premium payment and remaining unrevoked, the premiums thereafter falling due and not paid will be charged as a premium loan with interest at a rate not to exceed six per cent. per annum, provided the then cash surrender value be sufficient to cover such loan. Any premium loan may be repaid at any time.

"12c. Upon default in payment of premuim, unless paid within the grace period, the amount of this Policy and any existing dividend additions, less any indebtedness to the Company on account hereof, shall be extended automatically as non-participating term insurance for such time from the date of default as the then cash surrender value will provide at the net single premium rate for the attained age of the Insured according to the American Experience Table of Mortality with interest at three per cent.

"12d. Participating paid-up insurance for such an amount as the then cash surrender value, including any policy loan indebtedness which shall remain as a lien against this Policy, will provide at the net single premium rate for the attained age of the Insured according to the American Experience Table of Mortality with interest at three per cent., may be secured in lieu of automatic extended term insurance upon written request of the Insured, with the Beneficiary and Assigns, if any, made prior to default in premium payment or within the grace period.

"12e. Change from automatic extended term insurance to paid-up insurance, or vice versa, may be made in accordance with the respective provisions therefor at any time prior to default in premium payment or within the grace period.

"12f. Upon receipt of this Policy and a full and valid surrender of all claims hereunder, without the consent or participation of any beneficiary not ir-

78

declaration that defendant calculate the extended term insurance in accordance with plaintiff's interpretation of the policy.

 Section 274d of the Judicial Code, 28 U.S.C.A. § 400, provides, in part: "(1) In cases of actual controversy * * * the courts of the United States shall have power upon petition * * * to declare rights and other legal relations of any interested party petitioning for such declaration * * * and such declaration shall have the force and effect of a final judgment or decree * * *." A petition for declaratory judgment is no different than any other form of action except that an accomplished injury need not be shown, but all other essentials of a justiciable controversy must be present. Samuel Goldwyn, Inc. v. United Artists Corporation, 3 Cir., 113 F.2d 703. The first five words of the statute are in recognition of the constitutional limitation upon federal courts to determine only cases and controversies. Altvater v. Freeman, 319 U.S. 359, 63 S.Ct. 1115, 87 L.Ed. 1450. In Aetna Life Insurance Co. v. Haworth, 300 U.S 227, 57 S.Ct. 461, 81 L.Ed. 617, 108 A.L.R. 1000, rehearing denied 300 U.S. 687, 57 S.Ct. 667, 81 L.Ed. 889, the Supreme Court of the United States defined what is meant by "cases of actual controversy" under the Act, at page 240 of 300 U.S., at page 464 of 57 S.Ct., 81 L.Ed. 617, 108 A.L.R. 1000: "A 'controversy' in this sense must be one that is appropriate for judicial determination. * * * A justiciable controversy is thus distinguished from a difference or dispute of a hypothetical or abstract character; from one that is academic or moot. * * * The controversy must be definite and concrete, touching the legal relations of parties having adverse legal interests. * * * It must be a real and substantial controversy admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts." See Dewey & Almy Chemical Co. v. American Anode, Inc., 3 Cir., 137 F.2d 68, certiorari denied 320 U.S. 761, 64 S.Ct. 70, 88 L.Ed. 454.

██ Provision 12c of the policy, the section plaintiffs seek to have interpreted, grants extended term insurance to the insured "upon default in payment of premium." The insured is not eligible under this clause for extended term insurance until he has defaulted in the payment of premiums. But, until the date of trial, the insured has continued to pay the premiums as they have come due. Although the insured has not defaulted, he asks this court to declare his rights under provision 12c of the policy if and when he does default in the future.

Borchard, in his book "Declaratory Judgments" (2d Ed.), discussing the ripeness of issue, says at page 56: "The danger or dilemma of the plaintiff must be present, not contingent on the happening of hypothetical future events—although it may involve future benefits or disadvantages—and the prejudice to his position must be actual and genuine and not merely possible or remote. * * * Where plaintiff is merely in doubt as to his rights under a written instrument * * * (and) some event must happen before the plaintiff's right fully accrues, the action is naturally considered as prematurely brought." Under the present state of facts the policy is not in default and any declaration of the effect, upon default in the payment of premiums, of provision 12c would necessarily have to be based on a hypothetical set of facts. Such declarations are without the scope of declaratory judgments. Dewey & Almy Chemical Co. v. American Anode, Inc., supra. Until plaintiff's hypothesis of default becomes an actuality the differences of the parties will not be ripe for adjudication and a petition for a declaration of rights would be premature. Petitioner's position is not improved merely because he challenged the defendant to take a position as to insured's rights under the policy and then disputed defendant's conclusion. F. W. Maurer & Sons Co. v. Andrews, D.C.E.D.Pa., 30 F.Supp. 637.

██ A judgment in this suit could not be binding and final as to plaintiffs' rights under the non-forfeiture provisions of the policy. If the declaration would be adverse to the insured, he would not be bound to accept extended term insurance under

---

revocably designated, the Company will pay its then cash surrender value. While this Policy is in full force, including the grace period, the surrender value will be as stated in the preceding para-

graph numbered 12a, and thereafter shall be the full reserve on the form of insurance then in force, less any indebtedness to the Company on account hereof."

the policy as the court might interpret it, but he could demand paid-up insurance, accept the cash surrender value or continue the policy in full force by tendering the premiums when due. The insured has not, as yet, irrevocably bound himself to accept extended term insurance and, in fact, is not yet eligible to claim it since he is not in default. Since it is within the insured's power to make the declaration he seeks purely academic by acts within his own control, the court should decline decision of the matter as unripe. The decision could not finally settle the rights of the parties under the non-forfeiture provisions. Angell v. Schram, 6 Cir., 109 F.2d 380; Metropolitan Life Ins. Co. v. Hobeika, D. C.E.D.S.C., 23 F.Supp. 1.

Petitioners have a concrete problem and are in need of legal advice. But their problem is not sufficiently removed from the hypothetical to bring it within the jurisdiction of this court. F. W. Maurer & Sons Co. v. Andrews, supra.

Petitioners have neither alleged nor proved facts bringing their case within the tests set forth in the Aetna Life Insurance Co. case, and the petition must therefore be dismissed.