## MARTIN v. CLAYTON et al.

District Court, S. D. New York.
Sept. 23, 1946.

Meyer Boskey, of New York City, for plaintiff.

Charles Seligson, of New York City, for defendant Westminster Tire Corporation.

Levien, Singer & Neuburger, of New York City, for defendants Lloyd Clayton and Martin Custom Tires Corp.

HULBERT, District Judge.

These are two motions, considered together. The defendants, Clayton and Martin Custom Tires Corp., moved:

1. For an order directing plaintiff to serve an amended complaint stating in separate counts the claims asserted against said defendants, on the ground that said claims are founded upon separate transactions and a separate statement thereof is essential to the clear presentation of the matters set forth.

2. In the alternative, for an order directing plaintiff to file a more definite statement or a bill of particulars on the ground that the challenged allegations are not of sufficient definiteness or particularity to enable said defendants properly to prepare and serve their answer.

The defendant Westminster Tire Corporation moves to dismiss the action as to itself on the ground that the complaint fails to state a claim against said defendant upon which relief can be granted, or in the alternative, for an order directing the plaintiff to serve an amended complaint stating in separate counts the claims asserted against said defendant and against the other defendants, or for a bill of particulars.

In his complaint filed July 23, 1946, the plaintiff alleges that he and the defendant Clayton, prior to December 7, 1941, were joint venturers, and had agreed to form said joint venture "for the manufacture and sale of automobile tires and other products under the name of 'Martin' (the surname of Martin) which name was well known in

the automobile trade and to the public as applied to high grade tires."

█ In the disposition of this motion the court will now direct the plaintiff to state the date, or approximate date, of the agreement by which he and the defendant Clayton became joint venturers, so that the defendant Clayton may determine whether the statute of limitations should be pleaded as a bar.

As a part of said joint venture, the plaintiff alleges that Clayton agreed he would finance its operations through the corporation defendants, but for the benefit of said venture, and that the plaintiff would assist in the manufacture and sale of said products. It was a part of said venture that its profits were to be divided, 75% to Clayton, and 25% to plaintiff.

There is nothing indefinite about that allegation, but the complaint continues:

Clayton then owned or controlled, and still owns or controls, the entire capital stock of Westminster and caused Martin Tire to be organized to be used solely as part of the venture and agreed with plaintiff that its capital stock would be held (by whom is not stated) for the benefit of said venture, and for the benefit of plaintiff and Clayton in their respective proportions of 25% and 75%, but Clayton refused to give plaintiff his 25% and also retained, and still retains, ownership or control of the entire capital stock of Martin Tire.

There is no allegation that the stock was to be registered in the respective names of the parties in the respective amounts stated, and if so, that plaintiff has ever demanded a certificate for the 25% of the shares to which he claims to be entitled.

The complaint then alleges that the venture commenced to operate, and still continues. Furthermore, it is alleged that after the commencement of said venture, tire molds previously used by Martin Custom Made Tires Corp., the predecessor manufacturer of "Martin Custom Made" tires, were redesigned by plaintiff for use by said venture, and plaintiff applied to the Federal Office of Production Management in behalf of Martin Tire for a rubber allocation to be used by and as part of said venture in the manufacture of automobile tires and other automobile products; that tires and camelback bearing the name "Martin" were sold by and as part of said venture, through the defendants, in connection with other tires and other products sold by defendants —but whether the "other tires and other products" sold by the defendants was a part of said venture, is certainly not clear.

The complaint continues: "16. Subsequent to December 7, 1941, the United States rigidly restricted the use of rubber and other component parts of the products of said venture, and thereby caused a shortage of available rubber, and made impractical, if not impossible, the manufacture of said products by or for said venture, so that the normal manufacturing operations which had been contemplated by plaintiff and Clayton as part of said venture, were agreed by them to be deferred until the termination of hostilities or the prior lifting or modification of said restrictions permitting the renewal of such normal manufacture."

This seems inconsistent with the previous allegation that the "venture commenced to operate and still continues" but paragraph 17 of the complaint alleges: "17. Thereafter and without the knowledge of plaintiff and in concealment from plaintiff, defendants made use of and otherwise disposed of the rubber allocation obtained through Martin Tire and engaged in the manufacture or sale of tires and camelback which was made possible through such rubber allocations, and made profits therefrom."

█ It seems to the court that this allegation is intended to plead fraud, and therefore should be stated with greater particularity. Federal Rules Civil Procedure, Rule 9(b), 28 U.S.C.A. following section 723c.

If the defendant Clayton is the exclusive owner and holder of the capital stock of Westminster, in the absence of fraud, it is only accountable to him for the profits, and he, in turn, would be accountable to the plaintiff. If the defendant Clayton holds all of the shares of the capital stock of Martin Tires for the venture, in the absence of fraud, he in turn is accountable

216

to the plaintiff for the plaintiff's share of the profits of the venture unless and until plaintiff establishes his right to the ownership and possession of the 25% of the capital stock of Martin.

■ Thus it appears that the claims are founded upon separate transactions and a separate statement thereof is essential to enable the defendants to serve their responsive pleading.

The motion of Westminster will be granted unless within 20 days the plaintiff serves an amended complaint in conformity with this opinion, and that also includes the disposition of the motion of the defendants Clayton and Martin. Settle order on notice.