## AMERICAN MACHINE & METALS, Inc., v. DE BOTHEZAT IMPELLER CO., Inc.

District Court, S. D. New York.

Aug. 12, 1947.

422

Alphonse Kenison, of New York City, for plaintiff.

Royal E. Mygatt, of New York City (Watson Washburn, of New York City, of counsel), for defendant.

BRIGHT, District Judge.

Defendant moves pursuant to Rule 12(b), Federal Rules of Civil Procedure, 28 U. S.C.A. following section 723c, to dismiss on the ground that the complaint fails to state a claim upon which relief can be granted, that the court lacks jurisdiction because there is no matter in controversy between the parties, nor any which is justiciable or which exceeds $3,000 in amount exclusive of interest and costs; or, in the alternative, to strike out a portion of paragraph 9 of the complaint, for a more definite statement with respect to portions of that paragraph, and for a bill of particulars of paragraph 8.

The action is brought pursuant to the Federal Declaratory Judgment Act of June 14, 1934, 28 U.S.C.A. § 400. On April 3, 1934, the parties entered into a written agreement attached to the complaint, under which defendant conveyed to plaintiff letters patent and applications therefor, relating to fans and other products, all of its plant and equipment except certain leased equipment for use in the manufacture of the products, and leased the excepted equipment until January 1, 1940, in consideration in part of certain payments to be made. That agreement contained the following clause which is the only portion thereof which is now involved:

"Tenth: One year after the date hereof or at any time thereafter, Metals Corporation may give the De Bothezat Company notice, in the manner hereinafter provided, of its intention to terminate this agreement and six (6) months after the notice shall have been so given, this agreement and the lease of the Leased Equipment described in Schedule B shall thereupon terminate and Metals Corporation shall not be liable for any payment under the provisions of Paragraph Eighth hereof accruing after the period ending upon such termination. Upon such termination of this agreement, Metals Corporation shall reassign, reconvey and retransfer to the De Bothezat Company the Letters Patent described in Schedule A and such other Letters Patent which the De Bothezat Company may have assigned, conveyed and transferred to Metals Corporation. * * *"

The complaint further alleges that for some time prior to February 11, 1946, when one of the patents expired, plaintiff manufactured only one type of a product which it could not have manufactured without said patents, and since that date, plaintiff has neither manufactured nor sold any products for which the possession of any such patents is essential. Paragraph 5. Beginning on said date, plaintiff commenced negotiations with defendant to effect a termination of said agreement in the course of which plaintiff took the position that it could terminate the agreement, and after having reassigned and reconveyed all of the Letters Patent, plant and equipment, and after having ceased to use the name De Bothezat for any purpose, it would be free to continue to manufacture and sell fans, ventilating equipment and any and all other products not covered by defendant's patents, without any payment of any further sums. Paragraph 7. Defendant since said date has made claims and assertions that upon termination of the agreement, plaintiff will no longer have the right to continue the manufacture and sale of fans and ventilating equipment, and defendant "has led plaintiff to believe that upon termination of said agreement defendant will sue plaintiff if it does not cease the manufacture and sale of fans and ventilating equipment." Paragraph 8. "Plaintiff seeks a declaration of the rights of the parties hereto to avoid the possible accrual of avoidable damages. If plaintiff is under no further obligation to defendant after full performance of its obligations as specified in the agreement upon termination, then defendant's threats of suit and its claims that plaintiff cannot continue the business of manufacturing and selling fans and ventilating equipment are wrongful. If plaintiff is not so privileged to continue to manufacture and sell fans and ventilating equipment, plaintiff does not desire to deprive defendant of such rights to which it may be properly entitled." Paragraph 9.

Plaintiff prays judgment that the court declare the rights and legal relations of the parties, particularly with respect to the proper interpretation and effect of the agreement, that the court declare it is the right of plaintiff to manufacture and sell products not infringing upon patents held by defendant after the termination of the agreement, wihout payment of further sums to defendant and without threat or interference with plaintiff or its customers by defendant and without any obligation to it.

Section 400 of Title 28 U.S.C.A., so far as material, provides: "In cases of actual controversy * * * the courts of the United States shall have power upon petition, declaration, complaint, or other appropriate pleadings to declare rights and other legal relations of any interested party petitioning for such declaration, whether or not further relief is or could be prayed, and such declaration shall have the force and effect of a final judgment or decree and be reviewable as such."

It is settled that a controversy does not arise unless (1) it is one appropriate for judicial determination; (2) it is a dispute not of a hypothetical or abstract nature; (3) it is definite and concrete and touches the legal relations of parties having adverse interests; and (4) it is real and substantial and admits of specific relief through a decree of a conclusive character as disinguished from an opinion advising what the law would be upon a hypothetical state of facts. Ætna Life Ins. Co. v. Haworth, 300 U.S. 227, 240, 57 S.Ct. 461, 81 L.Ed. 617, 108 A.L.R. 1000. Such a controversy does not arise solely from the inability of a party to get an encouraging answer from the defendant; nor where the action calls for an advisory opinion. Kirkman v. Welmington Trust Co., D. C., 61 F. Supp. 651, 654. An action of this kind should not be made the medium for securing an advisory opinion in a controversy which has not arisen. Coffman v. Breeze Corporations, 323 U.S. 316, 324, 65 S.Ct. 298, 89 L.Ed. 264. Federal Courts are without power to give advisory opinions; and it has long been considered correct practice not to decide hypothetical, abstract or contingent interests. Alabama State Federation of Labor v. McAdory, 325 U.S. 450, 461, 65 S.Ct. 1384, 89 L.Ed. 1725.

In Perlberg v. Northwestern Mut. Life Ins. Co., D. C., 62 F.Supp. 76, 78, an action was brought for a declaratory judgment to determine plaintiff's right under an extend-

424

ed automatic insurance clause, asking for a judicial interpretation of relevant clauses in the policy and for a declaration that defendant calculated the extended term insurance in accordance with plaintiff's interpretation of the policy. Such extended insurance was granted upon default of payment of premium. No default had occurred and plaintiff asked the court to declare his rights when he should default. The court wrote:

"Under the present state of facts the policy is not in default and any declaration of the effect, upon default in the payment of premiums, of provision 12c would necessarily have to be based on a hypothetical state of facts. Such declarations are without the scope of declaratory judgments. * * * Petitioner's position is not improved merely because he challenged the defendant to take a position as to insured's rights under the policy and then disputed defendant's conclusion. * * *

"A judgment in this suit could not be binding and final as to plaintiff's rights under the non-forfeiture provisions of the policy. If the declaration would be adverse to the insured, he would not be bound to accept extended term insurance under the policy as the court might interpret it, but he could demand paid-up insurance, accept the cash surrender value or continue the policy in full force by tendering the premiums when due. * * * Since it is within the insured's power to make the declaration he seeks purely academic by acts within his own control, the court should decline decision of the matter as unripe."

 This court is without power to act unless there is an actual controversy. Nashville C. & St. L. Ry. v. Wallace, 288 U.S. 249, 259, 53 S.Ct. 345, 77 L.Ed. 730, 87 A.L.R. 1191. Under the cases cited, I cannot see that any controversy exists. Plaintiff has not given notice of termination and may never do so. Obviously it seeks an advisory opinion from this court as to what position it will be in if it does. Until it does, if it does, the court will not know what the controversy is or may be. The pleading itself shows this in paragraph 9 where the allegations are obviously "iffy", hypothetical and abstract. In Willing v.

Chicago Auditorium Ass'n, 277 U.S. 274, 289, 48 S.Ct. 507, 72 L.Ed. 880, the court, apropos of the situation here, wrote: "The fact that the plaintiff's desires are thwarted by its own doubts, or by the fears of others, does not confer a cause of action."

In this case, if the court should decide that plaintiff might terminate and continue its manufacture and sale of products other than those covered by patents, plaintiff might and probably would terminate. If the court should decide otherwise, plaintiff would probably continue under the agreement until its termination and no controversy such as now claimed to exist might ever be present. In other words, plaintiff has not elected what it wishes to do and its action might and could render academic the very declaration which it seeks.

The complaint is, therefore, dismissed because no justiciable controversy exists which would justify the maintenance of an action under the Declaratory Judgment Statute. The relief prayed for should not be granted at this time either as a matter of discretion or otherwise. Settle order on notice.