**AMERICAN MACH. & METALS, Inc. v. DE BOTHEZAT IMPELLER CO., Inc.**

United States District Court
S. D. New York.
May 10, 1948.

See also D.C., 8 F.R.D. 306.

Alphonse Kenison, of New York City, (Leonard P. Moore and Charles Pickett, both of New York City, of counsel), for plaintiff.

Royal E. Mygatt, of New York City, (Watson Washburn, of New York City, of counsel), for defendant.

HULBERT, District Judge.

Defendant moves before answer under Rule 12(b), Federal Rules of Civil Procedure, as amended, 28 U.S.C.A., (1) to dismiss the complaint on the ground that it fails to state a claim upon which relief can be granted since there is no actual controversy between the parties; or in the alternative (2) to strike certain language from paragraph 9 of the complaint as immaterial and impertinent under Rule 12(f); and (3) to require a more definite statement as to a certain portion of paragraph 9 of the complaint.

On August 12, 1947, 75 F.Supp. 421, a judge of this court, on the defendant's motion made prior to answer, dismissed the complaint on the ground that no justiciable controversy existed which would justify the maintenance of an action under the Declaratory Judgment Statute, 28 U.S.C.A. §§ 2201, 2202. No affidavits were submitted in support of the said motion, the matter having been decided upon the allegations of the complaint.

On appeal, the Circuit Court of Appeals (2nd Cir.) on March 10, 1948, 166 F.2d 535 reversed the ruling of the lower court holding the Declaratory Judgment Statute applicable to the facts as set forth in the complaint and remanded the cause for trial on the merits.

The allegations of the complaint have been discussed at length both in the District and Circuit Courts and an extended discussion would be unnecessary reiteration. Suffice to say, that the action is one for a declaratory judgment.

Involved, is a contract entered into between the parties in April, 1934, since then amended and which is still in existence. Pursuant thereto, defendant conveyed to plaintiff certain patents on fans and ventilating equipment, which patents are required under the contract to be retransferred to defendant upon termination of the contract, if they are still in existence. Although the contract provides for no termination date, paragraph 10 thereof specifically permits plaintiff to terminate the contract on 6 months notice. However, until termination, plaintiff is obliged under the contract to keep paying defendant royalties on plaintiff's net sales of fans and ventilating equipment. Some of the patents have already expired but the royalty payments continue.

Coming to the gravamen of the problem —plaintiff wishes to relieve itself from further payments by terminating the contract and to continue in the fan business after termination without making use of the remaining subsisting patents. Plaintiff urges that the defendant has taken the position that once the contract is terminated plaintiff must keep out of the fan business even though it does not infringe on any of the patents.

■ This is the controversy which plaintiff claims exists and has brought this action to resolve that dispute, i.e., that it has the legal right to continue in the fan business after termination of the contract. The Circuit Court of Appeals has said that this is a justiciable controversy and it is now the law of the case.

Now we have a second motion, based upon affidavits, which the defendant says conclusively establishes that no controversy between the parties exists.

■ Let us for a moment turn to the first motion made by the defendant and a word regarding the practice there employed would not be amiss. The facts submitted in the supporting affidavits of the defendant on the present motion were available to the defendant at the time the first motion was made. Instead of submitting the facts as it is doing now, it chose to rely on the sufficiency of the complaint itself. The reason advanced for not submitting affidavits then is that such procedure was not permissible. The defendant is plainly in error as to this. Even prior to the amendment to Rule 12(b) a motion to dismiss the complaint for failure to state a claim could have been based upon affidavits setting forth some fact or facts which, if it appeared in the complaint, would have destroyed the claim, (a speaking demurrer). Such motion was treated by the courts as one for summary judgment. Samara v. United States, 2 Cir., 129 F.2d 594, 597, certiorari denied, 317 U.S. 686, 63 S.Ct. 258, 87 L.Ed. 549. Thus, the amendment to Rule 12(b) has merely codified what was at least the practice in this circuit.

Defendant's failure to submit affidavits of facts in its possession may very well have constituted a waiver of its right to present this present motion in its present form, especially in view of the fact that its order on mandate submitted counter to plaintiff's order after reversal by the Circuit Court, contained a provision preserving its right to renew its motion again, and which order was not approved by the District Court.

■ However, this Court inclines towards a disposition of the motion on the merits. The affidavits submitted in support of the motion set forth a series of conferences between representatives of the plaintiff and defendant, the purport of which, defendant says, shows that no justiciable controversy between the parties exists. On the other hand, plaintiff's affidavits in opposition, together with the deposition of Mr. Washburn, an officer of the defendant taken prior to hearing of this motion, places a different complexion on these conferences than that claimed by the defendant. Whether these conferences were "without prejudice" as claimed by defendant is presently immaterial. It is clear from a reading of all the papers submitted that there is substantial conflict between plaintiff's and defendant's versions of what took place.

Under Rule 12(b) as amended, if a motion to dismiss is made for failure to state a claim upon which relief can be granted, and matters outside the pleading are presented to and not excluded by the court,

the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, F.R.C.P:

The Court will, therefore, treat this motion as one for summary judgment and after having examined all the papers submitted, finds that there is a conflict as to the facts which precludes the Court from making a summary disposition. The rule in this circuit is that "A litigant has a right to a trial where there is the slightest doubt as to the facts." Doehler Metal Furniture Co. v. United States, 2 Cir., 149 F.2d 130, 135; Arnstein v. Porter, 2 Cir., 154 F.2d 464, 473, 474.

(1) The motion to dismiss (summary judgment) is denied.

(2) The alternative relief requested, i.e., to strike certain language from paragraph 9 of the complaint, is denied.

(3) Defendant's request for a more definite statement as to a portion of paragraph 9, is denied. Mr. Kenison's affidavit in opposition to the motion on page 5 thereof, clarifies the meaning of the last two sentences of paragraph 9 and obviates the necessity for a more definite statement. Obviously defendant can prepare a responsive pleading. Settle order on notice.