**AMERICAN MACHINE & METALS, Inc. v.
DE BOTHEZAT IMPELLER CO., Inc.**

United States District Court
S. D. New York.
Aug. 12, 1948.

Alphonse Kenison, Leonard P. Moore, Charles Pickett, Edward R. Neaher and Chadbourne, Wallace, Parke & Whiteside, all of New York City, for plaintiff.

Perkins, Malone & Washburn and Watson Washburn, all of New York City, for defendant.

RYAN, District Judge.

Defendant moves pursuant to Rule 12(f), Federal Rules of Civil Procedure, 28 U.S.C.A., for an order striking, from plaintiff's amended reply to defendant's counterclaims, defenses comprising twenty-three separate paragraphs of the reply—(in effect, everything but the denials therein).

A summary statement of this litigation will suffice. Plaintiff and defendant entered into an agreement on April 3, 1934 under which plaintiff received from defendant patents and equipment for making fans and like products and for which plaintiff was to pay defendant license fees based on plaintiff's net sales. The contract contains a right of termination clause which plaintiff now desires to exercise. Defendant claims that if plaintiff terminates the contract plaintiff will not be permitted to continue the manufacture of fans and ventilating equipment. Plaintiff seeks a declaration of the rights of the parties, under this clause, to avoid the possible accrual of damages. He has been seeking such a declaration since serving defendant on February 14, 1947.

It has been established that these pleadings alone set forth a cause of action for declaratory judgment (American Machine and Metals, Inc., v. De Bothezat Impeller Co., 2 Cir., 166 F.2d 535), and that the pleadings in conjunction with defendant's affidavits present a justiciable controversy. American Machine and Metals, Inc. v. De Bothezat Impeller Co., D.C.S.D.N.Y., 8 F.R.D. 324, Hulbert J.

Defendant has now answered by various denials and has alleged six separate defenses and counterclaims.

By its reply, plaintiff has alleged various denials in addition to numerous separate defenses. It is to strike out these defenses that defendant moves.

Rule 12(f) reads: "Upon motion made by a party * * * or upon the court's own initiative at any time, the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." To expedite the administration of justice is the function of this rule. Pursuant thereto the court will delete allegations not responsive ( Morgan v. Patillo D.C.S.D.Fla.1924, 1 F.2d 326), or relevant. Kraft v. R. H. Macy & Co., D.C.S.D.N.Y.1943, 3 F.R.D. 54. An entire defense should not be stricken unless it grossly violates the requirements of Rule 8. Cf. Shultz v. Manufactures & Traders Trust Co., D.C.W.D.N.Y.1939, 1 F.R.D. 53.

Motions to strike out are not to be freely granted (Sinaiko Bros. Coal & Oil Co. v. Ethyl Gasoline Corporation, D.C.S.D.N.Y.1942, 2 F.R.D. 305; Contogeorge v. Spyrou, D.C.S.D.N.Y.1946, 7 F.R.D. 223), and no deletions will be made unless it is clear that the allegations are without the issues. Kraus v. General Motors Corporation, D.C.S.D.N.Y.1939, 27 F.Supp. 537; Irving Berlin Inc, v. Anziano, D.C.S.D.N.Y.1944, 4 F.R.D. 33. Moreover, the movant should show that he will be prejudiced if the attacked allegations are left in the pleadings. Eastman Kodak Co. v. McAuley, D.C.S.D.N.Y.1941, 2 F.R.D. 21; Huber, Inc., v. Pillsbury Flour Mills, Inc., D.C.S.D.N.Y.1939, 30 F.Supp. 108. Finally, a motion to strike a defense will be denied if the defense presents a bona fide question of law or fact which should be heard on its merits. Milkman v. Aetna Life Ins. Co., D.C.E.D.N.Y.1941, 36 F.Supp. 116.

Against all six counterclaims plaintiff alleged that defendant had not set forth the grounds for federal diversity jurisdiction. But, plaintiff has withdrawn this defense. It is ordered, therefore that paragraphs 5, 12, 20, 24, 28 and 31 be stricken from the amended reply.

It is to be noted that at no time has defendant alleged that it would be prejudiced were the attacked allegations permitted to remain in the amended reply. While the court will not reiterate this on the con-

sideration of each allegation, it is none the less an important factor.

Plaintiff has not moved against defendant's pleadings, stating that it has refrained from so doing to avoid further delay. The court may on its own motion delete impertinent allegations. Rule 12(f), supra; Gunder v. New York Times Co., D.C.S.D.N.Y.1941, 37 F.Supp. 911. This, however, is not customary. In light of plaintiff's expressed desire the court will refrain from determining whether any of defendant's pleadings should be stricken.

Defendant's first separate defense is that it is entitled to a reformation of the 1934 agreement. By reply, plaintiff alleges this is not a legal defense to a complaint seeking a declaratory judgment. Defendant asks that plaintiff's allegation be stricken. We have a substantial question of law raised by plaintiff which cannot be decided on a motion to strike. As to this allegation, defendant's motion to strike out is denied.

Defendant's second separate defense is that plaintiff converted defendant's equipment "leased" to plaintiff by the agreement. By reply, plaintiff alleges that neither is this a legal defense to a complaint seeking a declaratory judgment. It is not apparent that this defense would bar plaintiff's plea for a declaratory judgment. Defendant suggests it would render plaintiff's position "inequitable" and that it should be refused its plea, but offers no direct authorities. Why the alleged conversion by plaintiff should prevent its securing a judicial interpretation of the disputed contract is at the least a substantial legal query. Motion denied as to this allegation of plaintiff's reply.

Defendant's third, fourth and sixth defenses all sound in contract and are alleged in this order: that plaintiff breached its agreement by failing to use the name "De Bothezat" in the marketing of the products involved; that plaintiff has refused to furnish a duly certified audit detailing his receipts for 1946 and 1947, as required by paragraph nine of the 1934 contract; and, finally, that plaintiff has failed to use its best efforts to promote the sale of the products. Plaintiff alleges that these are not legally sufficient defenses to a complaint seeking a declaratory judgment. Plaintiff is seeking an interpretation of a contract clause. Defendant's theory apparently is that these alleged actions of plaintiff as well as those set out in defendant's other defenses raise an equitable bar to the relief sought by plaintiff. There is a serious legal issue present which cannot be determined on a motion to strike. Motion denied as to these allegations.

Defendant's fifth separate defense alleges that defendant made certain concessions to plaintiff—evidenced by exhibits 2–13 annexed to the complaint,—in reliance upon plaintiff's representations. Again he suggests that this renders the granting of plaintiff's plea "inequitable," and again plaintiff replies that this is not a legally sufficient defense. Here also is an issue of law, sufficient to prevent our striking this allegation from plaintiff's reply.

Now as to defendant's counterclaims and plaintiff's defenses thereto—

(1) the first counterclaim is grounded on reformation.

(a) As a defense plaintiff alleges that the pleading is legally insufficient on its face because it does not allege mutual mistake or fraud and mistake, the requisites of a reformation claim. Metzger v. Aetna Life Ins. Co., 227 N.Y. 411, 125 N.E. 814.

Defendant's pleading is not ideal. Rule 9(b) requires that a litigant pleads the facts of fraud or mistake. Martin v. Clayton, D.C.S.D.N.Y.1946, 6 F.R. D. 214, 215. This defendant has not done. However, plaintiff indicates that it understands the theory of defendant's claim. The functional requisites of the federal rules as epitomized by Judge Clark in Dioguardi v. Durning, 2 Cir., 1941, 139 F.2d 774 are stated. Therefore, paragraph "4" of plaintiff's reply is ordered stricken.

(b) As a further defense to defendant's first counterclaim, plaintiff alleges the bar of the New York Statute of Limitations of 10 years, Civil Practice Act N.Y. § 53. This raises a question of fact and law as to when the alleged claim of defendant arose and as to the statute applicable. Motion denied on this allegation.

(c) As a further defense, plaintiff alleges that if the contract is reformed as defendant requests, then, the agreement would be invalid as an unlawful restraint of trade. Defendant interprets the agreement as barring plaintiff from ever competing with defendant, if plaintiff terminates the agreement. The Supreme Court has circumscribed the permissible scope of patent monopolies. Morton Salt Co. v. G. S. Suppiger, 314 U.S. 488, 788, 62 S.Ct. 402, 86 L.Ed. 363; Scott Paper Co. v. Marcalus Mfg. Co., 326 U.S. 249, 66 S.Ct. 101, 90 L.Ed. 47. Whether the agreement in defendant's interpretation is violative thereof is not clear. Since it presents a substantial question of law, motion is denied as to this allegation.

(d) As a further defense to defendant's first counterclaim, plaintiff alleges that the oral contract proposed by defendant would be invalid under the Statute of Frauds, N.Y. Personal Property Law, Consol.Laws, c. 41, § 31. The contract states that the right to terminate could not be exercised within one year. Hence, argues plaintiff, defendant's alleged oral agreement could not be performed within one year, and is invalid. This, too, presents issues of contract interpretation and validity which do not lie within the scope of a motion to strike. Motion denied as to this allegation.

(2) Defendant's second counterclaim alleges that plaintiff converted the property "leased" to plaintiff under the 1934 agreement.

(a) As a defense, plaintiff alleges that the conversion claim is insufficient on its face because there is no allegation that the property converted belonged to defendant. However, plaintiff does have due notice of the alleged right of defendant despite the technical inadequacy of the pleadings. Therefore, the motion is granted as to paragraph "11" of plaintiff's amended reply—which is now ordered stricken.

(b) As a further defense, plaintiff alleges that defendant's claim in conversion is barred by the New York Statute of Limitations, Civil Practice Act N.Y. §

49, subd. 7, of three years. The matter submitted shows a clear issue of fact as to when defendant had knowledge of plaintiff's alleged conversion. The motion is denied as to this allegation.

(3) Defendant's third counterclaim alleges that plaintiff breached its agreement by failing to use the name "De Bothezat" in the marketing of the products involved.

(a) As a defense, plaintiff alleges that this allegation is legally insufficient on its face because it states merely a conclusion of law and is not sufficiently specific. While defendant's pleading is technically insufficient in the light of the requirements and spirit of the federal rules, the allegations are sufficient. If the plaintiff requires more details to prepare its case; these can be obtained by other privileges of federal pre-trial procedure. Paragraph "19" is ordered stricken from plaintiff's amended reply.

(b) As a further defense, plaintiff alleges that so much of the claim as did not accrue within six years next before the filing thereof is barred by the Statute of Limitations. A substantial issue, as to what part if any of the claim accrued within the six years arises. Motion denied on this allegation.

(5) For its fifth counterclaim defendant alleges it made concessions to plaintiff relying on representations made by the latter, and that termination by plaintiff would be "inequitable" unless prior thereto he pay defendant the aggregate amount of these concessions.

(a) As a defense, plaintiff raises the same procedural objection that it raised against defendant's first counterclaim—to wit, that defendant must allege mutual mistake or fraud and mistake to have legal efficacy in the alleged oral representations. For the same reasons as there expressed, we find the allegations of defendant state a claim. It is ordered that paragraph "27" be stricken from the amended reply.

(6) For its sixth counterclaim, defendant alleges that "plaintiff has failed to use its best efforts to promote the sale of said products, to defendant's damage in the amount of $500,000."

(a) As a defense, plaintiff alleges that so much of the claim as did not accrue within six years before the filing thereof is barred by the Statute of Limitations. That this raises a substantial issue is apparent. Motion denied as to this allegation.

Motion granted to the extent above indicated and in all other respects denied.