## AMERICAN MACHINE & METALS, Inc. v. DE BOTHEZAT IMPELLER CO., Inc.

### Civ. 40-166.

United States District Court
S. D. New York.

Nov. 5, 1948.

---

**460**

Alphonse Kenison, of New York City, for plaintiff.

Perkins, Malone & Washburn, of New York City, for defendant.

KNOX, Chief Judge.

This is a motion by plaintiff asking for a pre-trial conference. Federal Rules of Civil Procedure, rule 16, 28 U.S.C.A.

The action is for a declaratory judgment construing a contract. Plaintiff contends it may terminate its contract with defendant and remain in the fan business; defendant maintains that if the contract be terminated, plaintiff must refrain from doing business in fans. Judge Bright ruled the case was not a proper one for a declaratory judgment, D.C., 75 F.Supp. 421, but was unanimously reversed by the Court of Appeals, 2 Cir., 166 F.2d 535.

Defendant's answer, filed 15 months after the action was begun, sets up six separate affirmative defenses and counterclaims. These are (1) that oral representations made at the time of contract modified the writing, and the writing should be reformed; (2) that plaintiff wrongfully converted equipment leased to it by defendant; (3) that plaintiff wrongfully and wilfully did not use the name De Bothezat in its promotion; (4) that plaintiff has wrongfully refused to furnish defendant a proper audit, making it inequitable for plaintiff to be allowed to terminate; (5) that certain concessions were made to defendant relying on the oral representation not to terminate unless the business showed a loss, and it would consequently be inequitable to permit termination; and (6), that plaintiff has failed to use its best efforts to promote the sale of the licensed product. Damages sought in these counterclaims total $710,000.

Thereafter plaintiff filed an amended reply setting up twenty-eight defenses to these counterclaims and defenses. Defendant then moved under Rule 12(f) to strike these defenses, and Judge Ryan considered the matter in an 11 page opinion dated August 12, 1948, D.C., 8 F.R.D. 306, 309. In the course of his decision, Judge Ryan refused to strike the replies directed to the second, third, fourth, fifth and sixth defenses and counterclaims which asserted that these were not good defenses to the original cause of action. Speaking of the reply to the second counterclaim, Judge Ryan said: "It is not apparent that this defense would bar plaintiff's plea for a declaratory judgment. Defendant suggests it would render plaintiff's position 'inequitable' and that it should be refused its plea, but offers no direct authorities. Why the alleged conversion by plaintiff should prevent its securing a judicial interpretation of the disputed contract is at the least a substantial legal query."

The motion to strike the other defenses were denied on similar grounds.

Plaintiff desires the pre-trial conference as a means of obtaining an order directing a separate trial of the issue of whether it may terminate and continue to manufacture fans. Defendant maintains that there should be no conference because depositions have not yet been completed, and also because the issues should not be tried separately. Defendant points out that Judge

Ryan did not rule that the second through sixth defenses were improper, but only that there was a substantial legal question as to their propriety, which could not be determined on a motion to strike. Defendant also takes the view that the convenience of the parties will best be served by trying all these issues together.

Plaintiff on the other hand maintains that it cannot cease paying royalties without bringing its cause of action to trial, and that if the trial must await the preparation of all the issues raised by defendant's pleading, plaintiff will be obliged to continue to dole out large sums of money.

■ As I view it, plaintiff is really renewing a previous application for a preference on the calendar, which motion I denied with leave to renew, and coupling this with a motion for separate trial under Rule 42 (b). There is authority for directing separate trials on the pre-trial conference, Beegle v. Thomson, D.C.Ill.1943, 6 F.R.S. 56c. 41, and also for ordering separate trials where an answer has been adjudged to contain not a defense but only a counterclaim. Society of European Stage Authors & Composers v. WCAU Broadcasting Co., 35 F.Supp. 460.

In these circumstances, I cannot rule that a pre-trial conference would be futile, and I accordingly direct counsel to appear at my chambers at a date to be set for the purpose of determining whether this separate trial shall be had.